# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRI-VALLEY CORPORATION, et al.,[1] | Case No. 12-12291 (MFW) |
| Debtors. | (Jointly Administered) |

## MOTION FOR LEAVE TO FILE DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507 (A) AUTHORIZING POST-PETITION FINANCING, (B) AUTHORIZING USE OF CASH COLLATERAL, (C) GRANTING ADEQUATE PROTECTION; (D) SCHEDULING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit this Motion for Leave to File Debtors' Omnibus Reply to Objections to the Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (A) Authorizing Post-Petition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Adequate Protection; (D) Scheduling a Final Hearing, and (E) Granting Related Relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

1.  On August 7, 2012, the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, are Tri-Valley Corporation (5250), Tri-Valley Oil & Gas Co. (7433), Select Resources Corporation, Inc. (0386), and TVC Opus I Drilling Program L.P. (0334). The Debtors' corporate headquarters and the mailing address for each Debtor is 4927 Calloway Drive, Bakersfield, CA 93312.

{944.002-W0022693.}

2. On the Petition Date, the Debtors filed, among other pleadings, the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (A) Authorizing Post-Petition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Adequate Protection; (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [Docket No. 8] (the "DIP Motion").

3. Following a hearing on the matter, on August 9, 2012, the Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507(A) Authorizing Post-Petition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Adequate Protection, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [Docket No. 29] (the "Interim Order") approving the DIP Motion on an interim basis.

4. Pursuant to the Interim Order, a hearing (the "Final DIP Hearing") before the Court to consider the relief requested in the DIP Motion on a final basis initially was scheduled for August 30, 2012 at 12:30 p.m. (ET). The objection deadline for the entry of an order (the "Final DIP Order") approving the DIP Motion on a final basis was set in the Interim Order for August 23, 2012 at 4:00 p.m. (ET).

5. On August 27, 2012, the Office of the United States Trustee (the "UST") appointed an Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Creditors' Committee"). Upon appointment, the Creditors' Committee requested that the Final DIP Hearing be adjourned for one week. The Debtors agreed with this request and the Court rescheduled the Final DIP Hearing for September 5, 2012 at 11:30 a.m. (ET) (the "September 5th Hearing").

6. At the September 5th Hearing, the Debtors requested a further adjournment of the Final DIP Hearing to provide the UST with additional time to garner interest in and potentially

appoint an Official Committee of Equity Security Holders (the "Equity Committee"). The Court rescheduled the Final DIP Hearing for September 19, 2012 at 9:30 a.m. (ET).

7. On September 15, 2012, the UST appointed the Equity Committee. Following the Equity Committee's appointment, the Debtors requested a further adjournment of the Final DIP Hearing to provide the Equity Committee with sufficient time to review and analyze the DIP Motion and the proposed Final DIP Order. The Court rescheduled the Final DIP Hearing for September 27, 2012 at 9:30 a.m. (ET). In connection therewith, the Debtors gave the Equity Committee until 12:00 p.m. (ET) on September 24, 2012 to respond to the DIP Motion and the proposed Final DIP Order.

8. On August 27, 2012, Peter Marguglio, George Bean, Peter Huggins, and Todd Garrett, as Limited Partners, and George Robert Miller, as a General Partner, of TVC Opus I Drilling Program L.P. objected to the DIP Motion [Docket No. 79] (the "Opus Special Committee Objection"). On August 28, 2012, the UST also filed an objection to the DIP Motion [Docket No. 92] (the "UST Objection"). Additionally, on September 24, 2012, the Equity Committee filed an objection to the DIP Motion [Docket No. 185] (the "Equity Committee's Objection" and together with the Opus Special Committee Objection and the UST Objection as the "DIP Objections").

9. Pursuant to rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), reply papers "may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Pursuant to Local Rule 9029-3(a)(i), local counsel is required to file the hearing agenda by 12:00 p.m. (ET) two (2) business days before the date of the hearing. Accordingly, the agenda for the Final DIP Hearing was due at noon on September 25, 2012 and

any reply to the DIP Objections was required to be filed by 4:00 p.m. on September 24, 2012.

10. By this Motion, the Debtors respectfully request that the Court enter the attached order granting the Debtors leave to file a reply to the DIP Objections (the "Reply"). A copy of the Reply is attached hereto as "Exhibit A". Given the deadline for the Equity Committee to respond to the DIP Motion and the proposed Final DIP Order, it was simply impossible to file the Reply by the reply deadline imposed by Local Rule 9006-1(d). The Reply addresses, among other things, certain factual and legal arguments asserted in the DIP Objections. The Debtors believe that the Reply will assist the Court in the consideration of the proposed Final DIP Order.

WHEREFORE, the Debtors respectfully request that this Court enter the attached order (a) granting the Debtors leave to file the Reply and (b) granting such other and further relief as the Court deems just and proper.

Dated: September 26, 2012
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Adam G. Landis
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mumford@lrclaw.com
       brown@lrclaw.com

- and -

Charles A. Dale III
Mackenzie L. Shea
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
E-mail: chad.dale@klgates.com
        mackenzie.shea@klgates.com

*Counsel to Tri-Valley Corporation, Tri-Valley Oil & Gas Co., and Select Resources Corporation, Inc., and Proposed Counsel to TVC Opus 1 Drilling Program, L.P*