IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Tri-Valley Corporation, et al.,[1] | ) | Case No. 12-12291 (MFW) |
| | ) | |
| Debtors. | ) | |

Objection Deadline: May 22, 2013 at 4:00 p.m.
Hearing Date: To be scheduled

**FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM AUGUST 27, 2012 THROUGH MARCH 25, 2013**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective *nunc pro tunc* to August 27, 2012 by order signed October 17, 2012 |
| Period for which Compensation and Reimbursement is Sought: | August 27, 2012 through March 25, 2013[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $667,726.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 28,226.56[3] |

This is a:    _ monthly       __ interim       x  final application.

The total time expended for preparation of this fee application is anticipated to be approximately 3.0 hours and the corresponding compensation is anticipated to be approximately

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Tri-Valley Corporation (5250), Tri-Valley Oil & Gas Co. (7433), Select Resources Corporation, Inc. (0386), and TVC Opus 1 Drilling Program L.P. (0334). The Debtors' corporate headquarters and the mailing address for each Debtor is 4927 Calloway Drive, Bakersfield, CA 93312.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

[3] This amount includes reductions approved in the First Interim Fee Application

$1,800.00. The actual fees and expenses incurred in preparation of this fee application will be reflected in subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/19/12 | 08/27/12 – 09/30/12 | $192,705.75 | $8,777.60 | $192,705.75 | $8,640.90[4] |
| 12/21/12 | 10/01/12 – 10/31/12 | $156,203.00 | $2,810.75 | $156,203.00 | $2,770.75[5] |
| 01/08/13 | 11/01/12 – 11/30/12 | $109,621.50 | $1,977.63 | $109,621.50 | $1,977.63 |
| 01/29/13 | 12/01/12 – 12/31/12 | $73,961.50 | $4,955.19 | $59,169.20 | $4,955.19 |
| 02/28/13 | 01/01/13 – 01/31/13 | $40,715.50 | $8,126.52 | $32,572.40 | $8,126.52 |
| 03/18/13 | 02/01/13 – 02/28/13 | $18,130.50 | $803.10 | $14,504.40 | $803.10 |
| 04/17/13 | 03/01/13 – 03/25/13 | $76,389.00 | $952.47 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $955.00 | 0.60 | $ 573.00 |
| Robert J. Feinstein | Partner 2001; Member of NY and MA Bars since 1982 | $955.00<br>$477.50 | 6.90<br>2.60 | $ 6,589.50<br>$ 1,241.50 |
| Ira D. Kharasch | Partner 1987; Member of CA Bar since 1982 | $915.00<br>$875.00<br>$457.50<br>$437.50 | 45.80<br>146.60<br>21.00<br>10.00 | $ 41,907.00<br>$128,275.00<br>$ 9,607.50<br>$ 4,375.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $895.00<br>$860.00<br>$430.00 | 8.20<br>120.90<br>23.00 | $ 7,339.00<br>$103,974.00<br>$ 9,890.00 |
| Andrew A. Caine | Of Counsel 1989; Member of CA Bar since 1983 | $855.00 | 4.20 | $ 3,591.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $850.00<br>$815.00<br>$407.50 | 0.10<br>71.70<br>9.30 | $ 85.00<br>$ 58,435.50<br>$ 3,789.75 |

---

[4] This amount reflects a reduction of $136.70
[5] This amount reflects a reduction of $40.00

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $795.00 | 0.90 | $ 715.50 |
| Bruce Grohsgal | Partner 2003; Member of PA Bar since 1984; Member of DE Bar since 1997 | $750.00 | 1.40 | $ 1,050.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $745.00 | 14.10 | $ 10,504.50 |
| Daryl G. Parker | Of Counsel 2006; Member of CA Bar since 1970 | $745.00 | 11.90 | $ 8,865.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $725.00 | 1.40 | $ 1,015.00 |
| Bradford J. Sandler | Partner 2010; Member of PA and NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $695.00 | 0.50 | $ 347.50 |
| James E. O'Neill | Partner 2005; Member of PA Bar since 1985; Member of DE Bar since 2001 | $695.00<br>$675.00 | 31.80<br>94.80 | $ 22,101.00<br>$ 63,990.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $695.00 | 31.30 | $ 21,753.50 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $695.00<br>$675.00 | 7.60<br>49.60 | $ 5,282.00<br>$ 33,480.00 |
| Nina L. Hong | Partner 2006; Member of CA Bar since 1996 | $595.00 | 59.90 | $ 35,640.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $625.00<br>$595.00 | 5.60<br>22.10 | $ 3,500.00<br>$ 13,149.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $595.00<br>$575.00 | 9.30<br>12.00 | $ 5,533.50<br>$ 6,900.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002 | $525.00 | 1.80 | $ 945.00 |
| Kathleen P. Makowski | Of Counsel 2008; Member of PA Bar since 1996; Member of DE Bar since 1997 | $495.00 | 1.40 | $ 693.00 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $395.00 | 0.80 | $ 316.00 |
| Leslie F. Forrester | Law Library Director 2003 | $295.00 | 1.30 | $ 383.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patricia J. Jeffries | Paralegal 1999 | $275.00 | 2.00 | $ 550.00 |
| Karina K. Yee | Paralegal 2000 | $275.00 | 21.40 | $ 5,885.00 |
| Margaret L. McGee | Paralegal 2007 | $295.00 | 43.80 | $ 12,921.00 |
|  |  | $275.00 | 52.60 | $ 14,465.00 |
| Jorge E. Rojas | Paralegal 2002 | $270.00 | 31.70 | $ 8,559.00 |
| Cheryl A. Knotts | Paralegal 2000 | $290.00 | 3.50 | $ 1,015.00 |
|  |  | $265.00 | 1.70 | $ 450.50 |
| Kati L. Suk | Paralegal 2009 | $235.00 | 1.00 | $ 235.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $195.00 | 6.80 | $ 1,326.00 |
|  |  | $185.00 | 7.70 | $ 1,424.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $195.00 | 2.70 | $ 526.50 |
|  |  | $185.00 | 4.80 | $ 888.00 |
| Karen S. Neil | Case Management Assistant 2003 | $195.00 | 0.20 | $ 39.00 |
|  |  | $185.00 | 5.30 | $ 980.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $195.00 | 5.20 | $ 1,014.00 |
|  |  | $185.00 | 8.40 | $ 1,554.00 |
| Dina K. Whaley | Case Management Assistant 2010 | $185.00 | 0.30 | $ 55.50 |

        **Grand Total:** $ 667,726.75
        **Total Hours:**     1,029.50
        **Blended Rate:** $     653.84

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 45.10 | $ 33,975.00 |
| Asset Disposition | 66.30 | $ 53,660.50 |
| Bankruptcy Litigation | 324.50 | $237,906.00 |
| Case Administration | 95.50 | $ 24,140.00 |
| Claims Admin/Objections | 3.80 | $ 2,359.00 |
| Compensation of Professional | 42.60 | $ 22,399.00 |
| Compensation of Prof./Others | 19.20 | $ 11,290.00 |
| Executory Contracts | 7.00 | $ 5,813.00 |
| Financial Filings | 24.20 | $ 9,271.00 |
| Financing | 91.00 | $ 68,765.50 |
| General Business Advice | 31.80 | $ 28,299.00 |
| General Creditors Comm. | 66.60 | $ 52,648.50 |
| Lender Analysis Activities | 107.30 | $ 62,464.00 |
| Meeting of Creditors | 2.80 | $ 1,698.00 |
| Operations | 4.20 | $ 3,435.00 |
| Plan & Disclosure Statement | 4.90 | $ 3,847.50 |
| Retention of Professional | 15.60 | $ 9,374.00 |
| Retention of Prof./Others | 11.20 | $ 7,478.00 |
| Travel | 65.90 | $ 28,903.75 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[6] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United Airlines | $7,972.20 |
| Airport Parking | LAX | $ 180.64 |
| Auto Travel Expense | Integrated Transportation; Eagle Transportation; Taxi fare | $1,788.35 |
| Working Meals | Bourbon Street Shrimp; Jack N Jills Too; The Rodney Grill; Taam Tov; Chopita; Apperitivo Pizza Bar; Hudson Keelee | $ 241.96 |
| Conference Call | AT&T Conference Call; CourtCall | $ 430.22 |
| Delivery/Courier Service | Digital Legal | $1,011.20 |
| Express Mail | Federal Express | $ 167.90 |
| Guest Parking | LA Parking | $ 53.36 |
| Hotel Expense | Hotel DuPont; Le Meridian Hotel; Marriott Hotel | $2,220.21 |
| Outside Services | Digital Legal Services | $ 207.13 |
| Court Research | Pacer | $ 791.90 |
| Postage | US Mail | $ 747.87 |
| Reproduction Expense | | $3,964.40 |
| Reproduction/ Scan Copy | | $1,122.00 |
| Research | GKL Corporate/Search Inc. | $ 413.00 |
| Overtime | M. DesJardien; M. Wertz; K. Brown | $ 140.41 |
| Travel Expense | Travel Agency Fee; Flight Insurance; Petty Cash; Amtrak; Taxi Fare | $ 734.38 |
| Legal Research | Lexis/Nexis and Westlaw | $6,216.13 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Tri-Valley Corporation, et al.,[1] | ) | Case No. 12-12291 (MFW) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: May 22, 2013 at 4:00 p.m.**
**Hearing Date: To be scheduled**

**FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM AUGUST 27, 2012 THROUGH MARCH 25, 2013**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members," signed on or about August 28, 2012 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Official Committee of Unsecured Creditors, hereby submits its Final Application for Compensation and for Reimbursement of Expenses for the Period from August 27, 2012 through March 25, 2013 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $667,726.75 and actual and necessary expenses in the amount of $28,226.56 for a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Tri-Valley Corporation (5250), Tri-Valley Oil & Gas Co. (7433), Select Resources Corporation, Inc. (0386), and TVC Opus 1 Drilling Program L.P. (0334). The Debtors' corporate headquarters and the mailing address for each Debtor is 4927 Calloway Drive, Bakersfield, CA 93312.

total allowance of $695,953.31, and payment of the unpaid amount of such fees and expenses, for the period August 27, 2012 through March 25, 2013 (the "Fee period"). In support of this Application, PSZ&J respectfully represents as follows:

### Background

1. On August 7, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their properties and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases were converted to proceeding under chapter 7 of the Bankruptcy Code by order signed March 25, 2013.

2. On August 20, 2012, the Office of the United States Trustee held a formation meeting, but did not appoint an official committee of unsecured creditors. Given that the initial final DIP financing hearing was scheduled for August 30, 2012, an ad hoc group of unsecured creditors consisting of (i) Myers, Widders, Gibson, Jones & Schneider, L.L.P.; (ii) Petrawest LTD; and (iii) Rutan & Tucker, LLP, retained PSZ&J to represent the ad hoc group on August 24, 2012. PSZ&J, on behalf of the ad hoc group, prepared a DIP financing objection and was prepared to enter an appearance on behalf of the ad hoc group. On August 27, 2012, an official committee of unsecured creditors consisting of the members of the ad hoc group was appointed in these cases (the "Committee"), and PSZ&J was retained as counsel for the Committee in these cases as of such date. PSZ&J believes that its work prior to August 27, 2012 provided a substantial benefit to these estates and to the Committee. While PSZ&J is not presently seeking payment for fees and reimbursement of costs incurred prior to August 27,

2012, PSZ&J reserves all of its rights to file a substantial contribution claim or motion (or otherwise seek payment of such fees and reimbursement of such costs) at such future date and time as may be appropriate given the circumstances of the case and upon approval of the Committee for its services performed and costs incurred on behalf of the ad hoc group prior to the appointment of the Committee.

    3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    4.  On or about August 28, 2012, the Court signed the Administrative Order, authorizing certain professionals and members of the Committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending November 30, 2011, and at four-month intervals or at such intervals that may be convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

    5.  The retention of PSZ&J, as counsel to the Committee, was approved by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to August 27,

2012", signed on or about October 17, 2012 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Monthly Fee Applications Covered Herein

6. Prior to the filing of this Application, monthly fee applications for the time period August 27, 2012 through March 25, 2013 had been filed with the Court. Attached hereto as Exhibits A through D are copies of the monthly fee applications filed by PSZ&J in the Debtors' cases which have not yet been approved by the Court.

7. The monthly fee applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by PSZ&J during the Fee Period as well as other detailed information required to be included in fee applications.

#### Requested Relief

8. By this Application, PSZ&J requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from August 27, 2012 through March 25, 2013. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Fee Period that already have been filed with the Court. To the extent that PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J reserves the right, and respectfully requests that the Court authorize PSZ&J, to file a supplemental fee application(s) by following the interim compensation procedures set forth in

the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

9. At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Committee or the Debtors.

10. All services for which compensation is requested by PSZ&J were performed for or on behalf of the Committee and not on behalf of the Debtors, any other committee, creditor or other person.

11. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received no retainer in this matter.

12. The professional services and related expenses for which PSZ&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of PSZ&J's professional responsibilities as attorneys for the Committee in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Committee and the Debtors and their estates, creditors and other parties in interest.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of August 27, 2012 through March 25, 2013, a final allowance be made to PSZ&J in the sum of $667,726.75 as compensation for reasonable and necessary professional services rendered to the Committee and in the sum of $28,226.56 for reimbursement of actual and necessary costs and expenses incurred, for a total of $695,953.31; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; that PSZ&J have an allowed administrative priority claim to extent that its allowed fees and costs remain unpaid; that to the extent PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J may file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and

expenses as may be reflected in any supplemental fee application; and for such other and further relief as this Court deems proper.

Dated: April 22, 2013   PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Ira D. Kharasch (*admitted pro hac vice*)
Jeffrey N. Pomerantz (*admitted pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Shirley S. Cho (*admitted pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Email:   ikharasch@pszjlaw.com
         jpomerantz@pszjlaw.com
         joneill@pszjlaw.com
         scho@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors

## **VERIFICATION**

STATE OF DELAWARE       :
                        :
COUNTY OF NEW CASTLE    :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)  I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about August 28, 2012, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 22nd day of April, 2013.

_____
Notary Public
My Commission Expires:

MONICA ANGELA MOLITOR
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires July 12, 2014

DOCS_DE:186633.2 84996/002