**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : : | Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | : : | Case No. 12-12291 (MFW) |
| Debtors. | : : : | **Hearing Date: May 22, 2013 @ 2:00 p.m.**<br>**Obj. Deadline: May 8, 2013 @ 4:00 p.m.** |

**APPLICATION OF THE CHAPTER 7 TRUSTEE
FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF CROWE HORWATH LLP AS ACCOUNTANTS
TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO MARCH 26, 2013**

Charles A. Stanziale, Jr., as Chapter 7 Trustee (the "Chapter 7 Trustee") for Tri-Valley Corporation, Tri-Valley Oil & Gas Co., and Select Resources Corporation, Inc. (the "Debtors"), hereby submits this application (the "Application) for entry of an order authorizing the Chapter 7 Trustee to retain and employ Crowe Horwath LLP ("Crowe") as accountants to the Chapter 7 Trustee, *nunc pro tunc* to the March 26, 2013, pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules"). In support of the Application, the Chapter 7 Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

ME1 15422166v.1

## BACKGROUND

2. On August 7, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

3. On March 12, 2013, the Official Committee of Equity Security Holders of TVC Opus I Drilling Program, L.P. filed an emergency motion to convert the cases to one under chapter 7.

4. On March 25, 2013, an Order was entered converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

5. On March 26, 2013, a Notice of Appointment was filed by the Office of the United States Trustee appointing Charles A. Stanziale, Jr. as Chapter 7 Trustee with regard to the Debtors' cases.

## RELIEF REQUESTED

### Retention of Crowe Horwath LLP

6. The Chapter 7 Trustee has determined that the retention of a forensic accounting firm is in the best interest of the estate. At the request of the Chapter 7 Trustee, members of Crowe have already been in contact with the Debtor's representatives to examine the accounting systems of the Debtor.

7. Subject to approval of this Court, the Chapter 7 Trustee wishes to employ Crowe as his accountants in connection with the performance and prosecution of the Chapter 7 Trustee's statutory duties in this case. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Chapter 7 Trustee requests that the Court approve the employment of Crowe to perform the extensive accounting services that will be necessary to administer these chapter 7 cases.

8. The Chapter 7 Trustee has selected Crowe as his accountants because of the Firm's extensive experience and knowledge in the field of bankruptcy, insolvency and creditors' rights. Crowe is the ninth largest accounting firm in the United States, operating in 28 offices throughout the country. Crowe is affiliated with Crowe Horwath International, which provides accounting and other professional services worldwide and operates in more than 400 cities throughout the world. Crowe has extensive experience and knowledge in all phases of the bankruptcy and insolvency process, with three of its partners serving on the panel of chapter 7 trustees and another partner having been appointed examiner and chapter 11 trustee in cases filed in the Southern and Eastern Districts of New York and the District of Connecticut. Crowe is well versed in providing accounting and financial services to financially troubled entities and their stakeholders including debtors in possession, creditors and trustees. Accordingly, the Chapter 7 Trustee believes that Crowe is well qualified to represent him in these chapter 7 cases in a most efficient and timely manner.

## **Basis of Requested Relief**

9. The Trustee seeks retention of Crowe as his accountants pursuant to sections 327(a) and, 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

10. Bankruptcy Code Section 327(a) provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

11. Bankruptcy Code Section 328(a) provides in relevant part, as follows:

> The trustee….with the court's approval, may employ or authorize the employment of a professional person under section 327….on

> any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

12. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bank. Pro. 2014(a).

## Scope of Services to be Provided

13. The services of Crowe are necessary in order to enable the Chapter 7 Trustee to fully execute his duties under the Bankruptcy Code. Subject to the approval of this Court, the professional services Crowe will provide include, but are not limited to the following:

   a. Investigate and analyze transfers made to or on behalf of insiders;

   b. Investigate and analyze potential preference payments made within 90 days of the Petition Date and investigate and analyze potential fraudulent transfers;

   c. Provide litigation support to the extent such support is appropriate and required and as may be requested by the Chapter 7 Trustee and/or his counsel;

   d. Provide forensic accounting services as may be requested by the Chapter 7 Trustee;

   e. Provide IT services as may be requested by the Chapter 7 Trustee;

   f. Assist the Chapter 7 Trustee with the acquisition and preservation of Debtors' accounting and other data and documents, which may include computer forensic imaging;

   g. Assist the Chapter 7 Trustee in the preparation of necessary projections and forecasts, with the filing of tax returns and other tax issues;

    h. Review claims filed and assist the Chapter 7 Trustee in the preparation of objections thereto where appropriate;

    i. Assist the Chapter 7 Trustee in the identification and subsequent liquidation of assets in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules; and

    j. Such other accounting support as may be required.

**<u>Crowe Is a Disinterested Person And Holds No Adverse Interest</u>**

14. Crowe has stated its desire and willingness to act in these cases and to render the necessary professional services as accountants to the Chapter 7 Trustee. Furthermore, to the best of the Chapter 7 Trustee's knowledge, except as set forth in the Affidavit of Bernard W. Costich (the "<u>Costich Affidavit</u>"), submitted with this Application, the partners, directors and accountants of Crowe: (i) do not have any connection with or any interest adverse to the Debtors, its creditors, or any other party in interest in this case; (ii) do not hold any interest adverse to the Debtors' estate; and (iii) Crowe is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

15. Crowe has conducted a review of its files to ensure that no conflicts or other disqualifying circumstances exist. If any new facts or circumstances are discovered, Crowe will supplement its disclosure to the Court.

16. As set forth in the Costich Affidavit, Crowe has not received payment or compensation from the Debtors or the Debtors' estate for services rendered in connection with the Debtors' case, or for any other matter, and has not shared or agreed to share any of its compensation from the Debtors' estate with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**Professional Compensation**

17.     Crowe intends to apply to this Court for allowance of compensation for accounting and financial advisory services rendered to the Chapter 7 Trustee and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the guidelines established by the Office of the United States Trustee.  A schedule of Crowe's current hourly rates for its accountants, consultants and paraprofessionals is set forth in the Costich Affidavit.

**Best Interest of the Estates**

18.     The Chapter 7 Trustee's knowledge, information and belief regarding certain of the matters set forth in this Application are based on, and made in reliance upon, the Costich Affidavit.  If any new relevant facts or relationships are discovered or arise, the Chapter 7 Trustee understands that Crowe will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

19.     Crowe's accountants are, in the Chapter 7 Trustee's view, highly skilled and well qualified to provide the accounting services described herein and in the Costich Affidavit.  Therefore, the Chapter 7 Trustee believes, and therefore avers, that the retention of Crowe is in the best interest of the Chapter 7 Trustee, the Debtorse estate and its creditors.

20.     On the basis of the foregoing, pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Chapter 7 Trustee requests that the Court approve the employment of Crowe to serve as his accountants in connection with this chapter 7 case.

21.     Based on the above, the Chapter 7 Trustee respectfully seeks the entry of an Order authorizing the employment of Crowe Horwath LLP as accountants and financial advisors for the Trustee, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on an hourly-rate

basis, plus properly reimbursable expenses and out-of-pocket costs as an expense of administration and/or in accordance with any order of this Court, subject to Court approval.

22. No prior request for the relief sought in the Application has been made to this or any other court.

WHEREFORE, the Chapter 7 Trustee requests that the Court enter an order, substantially in the form submitted herewith, (a) authorizing the Chapter 7 Trustee to retain and employ Crowe Horwath LLP upon the terms specified herein, *nunc pro tunc* to March 26, 2013 on a final basis; and (b) granting the Chapter 7 Trustee such other and further relief as the Court deems just and proper.

Dated: April 24, 2013
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (DE #2936)
Kate R. Buck (DE #5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone 302.984.6300
Facsimile 302.984.6399
wtaylor@mccarter.com
kbuck@mccarter.com

 *- and -*

Charles A. Stanziale, Jr.
Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Proposed Attorneys for the Chapter 7 Trustee*