## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| Tri-Valley Corporation, *et al*.,[1] | : |
| | : Case No. 12-12291 (MFW) |
| Debtors. | : |
| | **Objection Deadline: June 11, 2014 at 4:00 p.m.** |
| | **Hearing Date: June 18, 2014 at 2:00 p.m.** |

## TRUSTEE'S FIRST MOTION FOR APPROVAL OF SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "Trustee" or "Plaintiff"), in his capacity as the Chapter 7 Trustee of the estates of Tri-Valley Corporation, *et al* (the "Debtors"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

### JURISDICTION, VENUE, PREDICATES FOR RELIEF

1.   The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The predicate for the relief requested herein is Bankruptcy Rule 9019.

### BACKGROUND

4.   On August 7, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

ME1 17826124v.1

5. On March 25, 2013, an Order was entered converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

6. On March 26, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee.

7. On May 6, 2013, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English as counsel to the Trustee *nunc pro tunc* to March 26, 2013.

8. In accordance with his duties under the Bankruptcy Code, the Trustee investigated the estates' potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

9. The Trustee has settled, subject to Bankruptcy Court approval, eight potential avoidance actions ("Potential Avoidance Actions") with Byron Ayme, ("Ayme"), Kelly Pipe, LLC ("Kelly"), OST Truck & Cranes, Inc. ("OST"), Pacific Gas & Electric Corporation ("PGE"), Patriot Environmental Services, Inc. ("Patriot"), Petrol Production Supply, Inc. ("Petrol"), Pt. Hueneme Marine Supply Co., Inc. ("PHM"), and Sespe Consulting, Inc. ("Sespe" collectively referred to with Ayme, Kelly, OST, PGE, Patriot, Petrol, and PHM as the "Settling Parties") prior to the filing of formal complaints (the "Settlements").

10. The Trustee seeks Bankruptcy Court approval for the Settlements.

## SUMMARY OF SETTLEMENTS[2]

11. AYME: In full and final settlement of the Potential Avoidance Action against Ayme wherein the Trustee sought the avoidance and recovery of $11,000.00, Ayme has paid the sum of $5,000.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, Ayme and the Trustee each grant and accept mutual releases of any and all related

---

[2] This summary is included solely for ease of reference but is in no way controlling over terms contained in the respective settlement agreements.

ME1 17826124v.1

claims as more fully set forth in the settlement agreement.

12. KELLY: In full and final settlement of the Potential Avoidance Action against Kelly wherein the Trustee sought the avoidance and recovery of $14,058.33, Kelly has paid the sum of $12,652.50 to the Trustee for the benefit of the Debtors' estates and their creditors.

13. OST: In full and final settlement of the Potential Avoidance Action against OST wherein the Trustee sought the avoidance and recovery of $20,174.11, OST will pay the sum of $9,000.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, OST and the Trustee each grant and accept mutual releases of any and all related claims as more fully set forth in the settlement agreement.

14. PGE: In full and final settlement of the Potential Avoidance Action against PGE wherein the Trustee sought the avoidance and recovery of $9,193.99, PGE has paid the sum of $1,000.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, PGE and the Trustee each grant and accept mutual releases of any and all related claims except as expressly set forth in the settlement agreement whereby PGE's claims #24 ($1,573.49) and #25 (3,408.82) are preserved for administration in the normal course of this proceeding.

15. PATRIOT: In full and final settlement of the Potential Avoidance Action against Patriot wherein the Trustee sought the avoidance and recovery of $19,413.63, Patriot has paid the sum of $17,427.27 to the Trustee for the benefit of the Debtors' estates and their creditors.

16. PETROL: In full and final settlement of the Potential Avoidance Action against Petrol wherein the Trustee sought the avoidance and recovery of $30,158.07, Petrol has paid the sum of $5,400.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, Petrol and the Trustee each grant and accept mutual releases of any and all related claims as more fully set forth in the settlement agreement.

ME1 17826124v.1

17. PHM: In full and final settlement of the Potential Avoidance Action against PHM wherein the Trustee sought the avoidance and recovery of $13,662.00, PHM has paid the sum of $10,500.00 to the Trustee for the benefit of the Debtors' estates and their creditors.

18. SESPE: In full and final settlement of the Potential Avoidance Action against Sespe wherein the Trustee sought the avoidance and recovery of $49,192.33, Sespe has paid the sum of $3,000.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, Sespe and the Trustee each grant and accept mutual releases of any and all related claims as more fully set forth in the settlement agreement.

## **RELIEF REQUESTED**

19. By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlements.

20. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

21. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

22. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

23. The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

24. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599,

608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

25. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

26. The Trustee believes that the Settlements rise well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlements.[3] The Court should therefore approve the Settlements pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

27. Absent the Settlements, the claims would have to be litigated with no assurances of favorable outcomes for the Debtors' estates. The resolution of the claims under the terms and conditions of the Settlements is a favorable outcome for the Debtors' estates and their creditors

---

[3] The Trustee believes that the Settlements do not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

because the resolution will save the Debtors' estates from incurring significant attorneys' fees and expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable outcome. Indeed, the Trustee evaluated and considered the merits of any affirmative defenses asserted by the Settling Parties when entering into the Settlements.

**Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

28. The claims involve sufficiently complex legal and factual issues regarding the alleged transfers that may be avoidable under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation. Among other things, litigation would be expensive for the Debtors' estates. The Settlements avoid these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources.

**Paramount Interest of Creditors**

29. Finally, entry into the Settlements also serves the paramount interest of the creditors of the Debtors' estates. Resolution of the claims through the Settlements represents a successful outcome for the Debtors' creditors by obviating the need for potentially protracted litigation and the expenses necessarily attendant to such litigation. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlements.

30. Based on the foregoing, the Trustee submits that approval of the Settlements is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Settling Parties, eases the administrative burden on these estates, and provides for a meaningful recovery in the amount of $63,979.77 for the benefit of the Debtors' estates and their creditors. The Settlements therefore represent a compromise between the parties that is fair and equitable and in the best interests of the Debtors' estates and their creditors.

7

ME1 17826124v.1

**NOTICE**

31. The Trustee has served notice of this Motion on the United States Trustee, the Settling Parties, and parties who are required notice under Bankruptcy Rule 2002.

32. No prior request for the relief sought herein has been made to any court.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlements and granting such other and further relief as the Court deems just and equitable.

Dated: May 27, 2014
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Kate Roggio Buck*
William F. Taylor, Jr. (DE #2936)
Kate R. Buck (DE #5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone 302.984.6300
Facsimile 302.984.6399
kbuck@mccarter.com

 - and -

Charles A. Stanziale, Jr., Esq.
Donald J. Crecca, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for the Chapter 7 Trustee*

8