# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | : |
|  | : Case No. 12-12291 (MFW) |
| Debtors. | : |
|  | : **Related Docket No. 920** |

## ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE TO SELL, WAIVE, RELEASE ABANDON AND OTHERWISE QUITCLAIM ALL EASEMENTS, LEASES, LIENS, CLAIMS AND ANY TYPE OF ENCUMBRANCES OR INTERESTS ON REAL PROPERTY

WHEREAS, Charles A. Stanziale, Jr., as Chapter 7 Trustee ("Trustee") for the debtors, Tri-Valley Corporation ("Tri-Valley"), Tri-Valley Oil and Gas, Co. ("TVOG"), and Select Resources Corporation, Inc. ("Select" and collectively with Tri-Valley and TVOG, the "Debtors"), moved (the "Motion") for entry of an order of this Court authorizing the Trustee, pursuant to 105(a) and 363(b) of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), to sell, waive, release, abandon and otherwise quitclaim all easements, leases liens, claims, and any type of encumbrances whatsoever on certain real property described more fully in the Motion[2]; and

WHEREAS, the Court, having reviewed the Motion, and considered any objections and arguments of counsel, if any, and whereupon the Court finds that (i) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion was proper and sufficient under the circumstances; and (v) the legal and factual bases

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

[2] Capitalized terms used herein, unless otherwise defined in this Order, shall have the meaning given them in the Motion.

ME1 19864074v.1

set forth in the Motion establish just cause for the relief requested therein; it is hereby **ADJUDGED, DECREED**, and

**ORDERED** that the Motion is granted as provided herein:

1. Subject to entry of this Order and this Order becoming a Final Order, the Trustee is authorized and directed to sell, release, waive, abandon and otherwise quitclaim all Interests whatsoever in the Premises to DCT;

2. Promptly following entry of a Final Order, the Trustee shall be paid the sum of two thousand five-hundred dollars ($2,500), as consideration for such sale, release, waiver, abandonment and quitclaim by the Trustee of all such Interests;

3. The Trustee is authorized and directed to execute all such documentation presented to him by DCT, which, in DCT's sole discretion, is necessary to give effect to the Trustee's sale, release, waiver, abandonment and quitclaim of all Interests in the Premises, including, but not limited to, any documents to be filed in the appropriate California land records, and including, but not limited those Exhibits E, F and G attached to the Motion.

4. The Sale Agreement was negotiated, proposed, and entered into by the Trustee and DCT, in good faith and from arm's-length bargaining positions, with each party being separately represented by counsel.

5. The Purchase Price to be paid by DCT or its designee under the Sale Agreement is fair and reasonable and is the highest or otherwise best offer for the Assets, and was not the product of collusion or any other agreement.

6. DCT or its designee is a buyer in good faith with respect to the Assets, as that term is used in 11 U.S.C. § 363(m). DCT or its designee meets the standards of "good faith"

ME1 19864074v.1

which were enumerated by the United States Court of Appeals for the Third Circuit in *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986).

7. All of the requirements of 11 U.S.C. § 363 have been met with respect to the Sale.

8. Pursuant to 11 U.S.C. § 363(f), the sale of the Assets to DCT is free and clear of all liens, claims, encumbrances and interests on or in the Assets.

9. The Trustee is authorized to execute and file such statements, instruments, releases, and other documents on behalf of any person or entity asserting, or who has asserted, any liens, claims, interests, or encumbrances with respect to the Assets and DCT, or its designee, is authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and interests of any kind or nature whatsoever in the Assets.

10. The fourteen (14) day stay pursuant to Bankruptcy Rule 6004(g) is waived and this Order shall be effective immediately.

11. Presentation by DCT or its designee of a copy of this Order shall constitute due and appropriate and conclusive notice of the transfer of the Assets to DCT or its designee, and no further documentation of such transfer shall be required to evidence such transfer.

12. This Court hereby retains jurisdiction over DCT or its designee and the Trustee and the Debtors to enforce the Sale Agreement and this Order.

Dated: Feb. 25, 2015
Wilmington, DE

The Honorable Mary F. Walrath
United States Bankruptcy Judge

ME1 19864074v.1