# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Tri-Valley Corporation, *et al.*,[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 12-12291 (MFW) |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, <br><br> Plaintiff. <br><br> v. <br><br> Baker Hughes, <br><br> Defendant. | Adv. Pro. No. 14-50627 (MFW) <br><br> Re: Docket No(s). 938 & 948 |

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENTS OF AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019

Upon consideration of the motion filed by Charles A. Stanziale, Jr., (the "Trustee"), the Chapter 7 Trustee of the estates of Tri-Valley Corporation, et al (the "Debtors"), through his attorneys, for approval pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105, of the Trustee's Settlement[2] (the "Settlement") with Baker Hughes ("Baker Hughes" or the "Settling Party"); and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court further finding that notice of the motion and the hearing on the motion was served on counsel to the Settling Party, and all persons and entities who have

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

[2] Capitalized terms used herein shall have the meaning given in the Motion unless otherwise noted.

requested notice pursuant to Bankruptcy Rule 2002 more than twenty (21) days prior to the hearing on the motion, which notice is adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court further finding that good and sufficient cause exists for granting the relief requested in the motion; therefore, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The motion is granted in its entirety;

2. The Settlement is approved;

3. The Trustee is authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement; and

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Settlement approved herein.

Dated: April 20, 2015
Wilmington, Delaware

The Honorable Mary F. Walrath
United States Bankruptcy Judge