## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRI-VALLEY CORPORATION, et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 12-12291 (MFW)<br>(Jointly Administered)<br><br>**Related Docket No. 916** |
| In re:<br><br>TVC OPUS I DRILLING PROGRAM L.P.,<br><br>Debtors. | Chapter 7<br><br>Case No. 12-12294 (MFW)<br><br>**Related Docket No. 97** |
| CHARLES A. STANZIALE, as Chapter 7 Trustee of TRI-VALLEY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>F. LYNN BLYSTONE, et al.,<br><br>Defendants. | Case No. 12-12291 (MFW)<br><br>Adv. Proc. No. 13-51212 (MFW)<br><br>**Related Docket No. 18** |
| JEOFFREY L. BURTCH as Chapter 7 Trustee of TVC OPUS I DRILLING PROGRAM, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>F. LYNN BLYSTONE, et al.,<br><br>Defendants. | Case No. 12-12291 (MFW)<br><br>Adv. Proc. No. 13-51214 (MFW)<br><br>**Related Docket No. 11** |

ME1 19740316v.1

| | |
|---|---|
| CHARLES A. STANZIALE, as Chapter 7 Trustee of Tri-Valley Corporation, Tri-Valley Oil & Gas Co. and Select Resources Corp., Inc., <br><br>     Plaintiff, <br><br> v. <br><br>G. THOMAS GAMBLE and G. THOMAS GAMBLE, as trustee of GEORGE T. GAMBLE 1991 TRUST, <br><br>     Defendants. | Case No. 12-12291 (MFW) <br><br>Adv. No. 13-51312 (MFW) <br><br>**Related Docket No. 9** |
| JEOFFREY L. BURTCH, in his capacity as Chapter 7 Trustee for the ESTATE OF TVC OPUS I DRILLING PROGRAM, L.P., <br><br>     Plaintiff, <br><br> v. <br><br>G. THOMAS GAMBLE and G. THOMAS GAMBLE, as trustee of GEORGE T. GAMBLE 1991 TRUST, <br><br>     Defendants. | Case No. 12-12291 (MFW) <br><br>Adv. No. 13-51316 (MFW) <br><br>**Related Docket No. 9** |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF TVC OPUS I DRILLING PROGRAM L.P. and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRI-VALLEY CORPORATION, *et al.*, <br><br>     Plaintiffs, <br><br> v. <br><br>G. THOMAS GAMBLE and G. THOMAS GAMBLE, as trustee of GEORGE T. GAMBLE 1991 TRUST, <br><br>     Defendants. | Case No. 12-12291 (MFW) <br><br>Adv. No. 12-50994 (MFW) <br><br>**Related Docket No. 34** |

ME1 19740316v.1

| | |
|---|---|
| CHARLES A. STANZIALE, as Chapter 7 Trustee of Tri-Valley Corporation, Tri-Valley Oil & Gas Co. and Select Resources Corp., Inc., <br><br>              Plaintiff, <br><br>  v. <br><br>F. LYNN BLYSTONE, <br><br>              Defendant. | Case No. 12-12291 (MFW) <br><br>Adv. No. 14-50625 (MFW) <br><br>**Related Docket No. 10** |
| CHARLES A. STANZIALE, as Chapter 7 Trustee of Tri-Valley Corporation, Tri-Valley Oil & Gas Co. and Select Resources Corp., Inc., <br><br>              Plaintiff, <br><br>  v. <br><br>JAMES KROMER, <br><br>              Defendant. | Case No. 12-12291 (MFW) <br><br>Adv. No. 14-50623 (MFW) <br><br>**Related Docket No. 10** |
| CHARLES A. STANZIALE, as Chapter 7 Trustee of Tri-Valley Corporation, Tri-Valley Oil & Gas Co. and Select Resources Corp., Inc., <br><br>              Plaintiff, <br><br>  v. <br><br>JAMES G. BUSH, <br><br>              Defendant. | Case No. 12-12291 (MFW) <br><br>Adv. No. 14-50624 (MFW) <br><br>**Related Docket No. 17** |
| CHARLES A. STANZIALE, as Chapter 7 Trustee of Tri-Valley Corporation, Tri-Valley Oil & Gas Co. and Select Resources Corp., Inc., <br><br>              Plaintiff, <br><br>  v. <br><br>JOSEPH KANDLE, <br><br>              Defendant. | Case No. 12-12291 (MFW) <br><br>Adv. No. 14-50622 (MFW) <br><br>**Related Docket No. 16** |

**ORDER GRANTING TRUSTEES' MOTION FOR APPROVAL OF (A) GLOBAL SETTLEMENT OF LITIGATION AND DISPUTES INVOLVING FORMER DIRECTORS AND OFFICERS OF TRI-VALLEY CORP. AND (B) AGREEMENT ON HOW TO ALLOCATE SETTLEMENT PROCEEDS AMONG THE TRUSTEES AND CLASS ACTION PLAINTIFFS PURSUANT TO FED. R. BANKR. P. 9019**

Upon the motion (the "Motion") of Charles A. Stanziale, Jr. (the "TVC Trustee"), as the Chapter 7 Trustee of the estates of Tri-valley Corporation, et al. (the "TVC Debtors"), and Jeoffrey L. Burtch (the "Opus Trustee"), in his capacity as the Chapter 7 Trustee of the estate of TVC Opus I Drilling Program, L.P. ("Opus"), for entry of an order, pursuant to Sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing and approving two related Settlement Agreements, to wit, (a) the Settlement Agreement and Release (the "Settlement Agreement")[1], a copy of which is attached hereto as **Exhibit A**, by and among (i) the TVC Trustee on behalf of the TVC Debtors; the Opus Trustee on behalf of Opus; Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, Christian Wipf and G. Robert Miller; (ii) Paul Bateman, Greg Billinger, Milton J. Carlson, Maston Cunningham, John Durbin, Edward Gabriel, Dennis Lockhart, Henry Lowenstein, James Mayer, Loren Miler, and Harold Noyes; F. Lynn Blystone; G. Thomas Gamble and George T. Gamble 1991 Trust; James Kromer, James G. Bush, and Joseph Kandle, and (iii) National Union fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc., Arch Insurance Company, and Liberty Mutual Insurance Company, and (b) the Allocation Agreement, a copy of which is annexed hereto as **Exhibit B**, by and among the TVC Trustee, the Opus Trustee, and the California Plaintiffs; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court

---

[1]  Defined terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

4

further finding that notice of the motion and the hearing on the motion was served on counsel to the settling parties, all creditors of those estates, and all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 more than twenty (20) days prior to the hearing on the motion, which notice is adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court further finding that good and sufficient cause exists for granting the relief requested in the motion; therefore, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The motion is GRANTED as set forth herein.

2. The Settlement Agreement is hereby approved in its entirety and the terms and conditions are incorporated herein; provided, however, that nothing in this Order or the Settlement Agreement shall release, impact, waive, limit, impair or otherwise adversely affect any potential claim for contribution or indemnity by K&L Gates concerning, relating to or arising out of the *Siegal* action against (i) any professional retained by the Opus Special Committee, including but not limited to, Rutan & Tucker, LLP, counsel to the Opus Special Committee and/or (ii) any professional retained in the Bankruptcy Cases by the Official Opus Equity Committee, including but not limited to, Ashby & Geddes, P.A., counsel to the Official Opus Equity Committee and/or Conway McKenzie, financial advisor to the Official Opus Equity Committee.

3. The Allocation Agreement is hereby approved in its entirety and the terms and conditions are incorporated herein, provided, however, that the first full paragraph of section 4(a)(i) of the Allocation Agreement regarding the assignment of any claims held by the Opus Trustee against K&L Gates or the Opus Trustee's participation as a co-plaintiff in the *Siegal* Action is withdrawn and deleted in its entirety and shall be of no force or effect.

4. The TVC Trustee and the Opus Trustee are authorized to enter into and take all steps necessary to implement the terms of the Settlement Agreement and the Allocation Agreement in accordance with their terms as modified herein.

5. Upon payment of the Settlement Fund pursuant to paragraph 3 of the Settlement Agreement, the Trustees, Tri-Valley and Opus (and all other persons that hold, have held, or may hold a claim or other debt or liability, or interest or other right of an equity holder, against, in or relating to Tri-Valley or Opus or their respective estates) (collectively the "Barred Persons") are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing or asserting, either derivatively or on behalf of themselves, in any court, arbitration proceeding, administrative agency, or other forum in the United States of America or elsewhere, any actions, causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, accrued or unaccrued, in law, equity or otherwise that the Barred Persons ever had or now have or may have against any of the Releasees constituting or arising from the Released Claims, including any claims that are duplicative or derivative of any Released Claims, or any Released Claims that could have been brought by or on behalf of the Trustees, Tri-Valley or Opus.

6. Upon payment of the Settlement Fund pursuant to paragraph 3 of the Settlement Agreement, all Barred Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing or asserting, either derivatively or on behalf of themselves, in any court, arbitration proceeding, administrative agency, or other forum in the United States of America or elsewhere, any actions, causes of action, claims, counterclaims, cross-claims, suits, damages, punitive damages, costs, expenses and attorneys' fees, and demands whatsoever of

ME1 19740316v.1

every kind and nature, whether known or unknown, accrued or unaccrued, in law, equity or otherwise that the Barred Persons ever had or now have or may have against any of the Releasees arising out of, connected with, or related to (A) negotiating and agreeing to the Settlement Agreement; (B) agreeing to make or accept the Settlement Fund; and (C) agreeing to the scope of the Settlement Agreement and the releases set forth in the Settlement Agreement.

7. Notwithstanding the foregoing, nothing in this Order shall be deemed to impact the ability of any Party to the Settlement Agreement to file an action in a court of appropriate jurisdiction to enforce the Settlement Agreement or for damages resulting from breach of the Settlement Agreement.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Settlements approved herein.

Dated: October 14, 2015
Wilmington, DE

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge