# **EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into as of this 13th day of January, 2015 by and among the Parties hereto.

### Background

Whereas, Tri-Valley Corporation ("TVC"), a Delaware corporation, was engaged in the business of crude oil and natural gas exploration, development, and production.

Whereas, TVC Opus I Drilling Program, L.P. ("Opus"), a Delaware limited partnership, was formed in 2002 by TVC for the purpose of engaging in the exploration, drilling, development, and operation of oil and gas prospects in California and Nevada. TVC raised approximately $97 million through private placement of Opus partnership units and attracted approximately 73 general partners and 222 limited partners. TVC served as the Managing Partner of Opus pursuant to the Agreement of Partnership dated May 16, 2002, as amended.

Whereas, on August 7, 2012, TVC, together with its wholly owned subsidiaries, Tri-Valley Oil & Gas Co. ("TVOG") and Select Resources Corporation, Inc. ("Select", and collectively with TVC, TVOG, and Opus, the "Debtors"), and Opus filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

Whereas, on March 23, 2013, the Bankruptcy Court entered an order converting the Debtors' cases from chapter 11 to chapter 7 of the Bankruptcy Code.

Whereas, on March 26, 2013, the Office of the United States Trustee appointed Charles A. Stanziale as Chapter 7 Trustee of the estates of TVC, TVOG, and Select ("TVC Trustee"), and Jeoffrey L. Burtch as Chapter 7 Trustee of the Opus estate (the "Opus Trustee", and together with the TVC Trustee, the "Trustees").

Whereas, the Trustees continued or commenced the Adversary Proceedings (as defined below) against certain Defendants (as defined below).

Whereas, on June 27, 2013, Steven Siegal, et al., commenced a class action lawsuit against certain Defendants in the Superior Court of California in and for the County of San Francisco, which case was subsequently removed by the Defendants to the United States District Court for the Northern District of California, San Francisco Division (the "*Siegal* Court").

Whereas, the Defendants have denied any liability to the Plaintiffs in the Proceedings.

Whereas, the Parties agreed to voluntary mediation in an effort to resolve all of the pending claims in the Proceedings.

Whereas, with the assistance of the mediator, the Parties have agreed to settle and resolve all of the pending claims in the Proceedings.

1

Whereas, the Parties entered into a Settlement Term Sheet dated as of October 2, 2014, which Term Sheet envisioned the negotiation and execution of a formal Settlement Agreement containing additional mutually agreed terms and conditions that are customary for agreements of this type.

## Agreement

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, intending to be legally bound, agree as follows:

1. Parties to this Agreement (collectively the "Parties"):

   a. The "Plaintiffs":

      i. The Estates of Tri-Valley Corporation, Tri-Valley Oil & Gas Co., and Select Resources Corporation, Inc. (collectively "Tri-Valley"), by Charles A. Stanziale as Chapter 7 Trustee (the "TVC Trustee");

      ii. The Estate of the TVC Opus I Drilling Program, L.P. ("Opus"), by Jeoffrey L. Burtch as Chapter 7 Trustee (the "Opus Trustee");

      iii. Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf (collectively, the "Named California Plaintiffs"), all individually and on behalf of the Opus Shareholder Settlement Class as defined herein, and G. Robert Miller, individually and as a member of the Settlement Class (collectively, the "California Plaintiffs").

   b. The "Defendants":

      i. Paul Bateman, Greg Billinger, Milton J. Carlson, Maston Cunningham, John Durbin, Edward Gabriel, Dennis Lockhart, Henry Lowenstein, James Mayer, Loren Miller and Harold Noyes (the "TVC Outside Directors and Officers");

      ii. F. Lynn Blystone;

      iii. G. Thomas Gamble and George T. Gamble 1991 Trust (collectively, "Gamble");

      iv. James Kromer;

      v. James G. Bush;

      vi. Joseph Kandle.

   c. The Directors and Officers Insurance Companies (collectively the "D&O Insurers"):

      i. National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc. ("National Union");

      ii. Arch Insurance Company ("Arch");

2

      iii.   Liberty Mutual Insurance Company ("Liberty").

2.   Actions Related to this Settlement Agreement (collectively, the "Proceedings")

    a.   The "Bankruptcy Cases":

       i.   In re Tri-Valley Corporation, Case No. 12-12291-MFW (Bankr. D. Del. 2012);

       ii.   In re Tri-Valley Oil & Gas Co., Case No. 12-12292-MFW (Bankr. D. Del. 2012);

      iii.   In re Select Resources Corporation, Inc., Case No. 12-12293-MFW (Bankr. D. Del. 2012); and

      iv.   In re TVC Opus I Drilling Program, L.P., Case No. 12-12294-MFW (Bankr. D. Del. 2012).

    b.   The "Adversary Proceedings":

       i.   *Stanziale, Jr. v. Blystone, et al.*, Adv. Pro. No. 13-51212-MFW (Bankr. Del. 2013);

       ii.   *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013);

      iii.   *Stanziale, Jr. v. Gamble, et al.*, Adv. Pro. No. 13-51312-MFW (Bankr. D. Del. 2013);

      iv.   *Burtch v. Gamble, et al.*, Adv. Pro. No. 13-51316-MFW (Bankr. Del. 2013);

      v.   Official Committee of Equity Security Holders of TVC Opus I Drilling Program, L.P., et al. v. Gamble, et al., Adv. Pro. No. 12-50994-MFW (Bankr. D. Del. 2012);

      vi.   *Stanziale, Jr. v. Blystone*, Adv. Pro. No. 14-50625-MFW (Bankr. D. Del. 2014);

      vii.   *Stanziale, Jr. v. Kromer*, Adv. Pro. No. 14-50623 (Bankr. D. Del. 2014);

     viii.   *Stanziale, Jr. v. Bush*, Adv. Pro. No. 14-50624 (Bankr. D. Del. 2014);

      ix.   *Stanziale, Jr. v. Kandle*, Adv. Pro. 14-50622 (Bankr. D. Del. 2014).

    c.   The "*Siegal* Action":

       i.   *Siegal v. Gamble, et al.*, 13-cv-03570-JSC (N.D. Cal. 2013)

3.   Settlement Fund: The aggregate value of the Settlement Fund will be US $9 million (the "Settlement Fund"). Within 30 days of execution of this Agreement, National Union will cause the following payments to be made: (i) payment of $1 million into an interest-bearing escrow account (the "Initial Settlement Fund"); and (ii) payment of previously invoiced defense costs and fees of certain Defendants as set forth in the side letter agreement dated

October 21, 2014 (the "Side Letter") as well as the separate agreement entered into by National Union and the Defendants contemporaneously herewith (the "National Union Agreement" and together with the Side Letter, the "Insurer Agreements"). Within 30 days of the date on which all Conditions Precedent (as defined in Paragraph 12 below) are satisfied, with the exception of the dismissals with prejudice of the Adversary Proceedings, which shall occur within 5 business days after the following payments are made, the D&O Insurers and Gamble shall cause payments to be made into the Settlement Fund as follows: (1) National Union: $2,733,513.87 (which amount is in addition to the Initial Settlement Fund); (2) Arch: $3,736,993.07; (3) Liberty: $529,493.00, and (4) Gamble $1,000,000. In no event shall any of the other Defendants be required to pay any amounts under this Agreement. Until the Adversary Proceedings have been dismissed with prejudice, (a) no proceeds from the Settlement Fund shall be disbursed, and (b) the proceeds of the Settlement Fund shall not become property of the estates of any of the debtors in the Bankruptcy Cases.

4.  Division of Settlement Fund:  Plaintiffs have agreed to allocate the Settlement Fund among them as follows:

    a.  $4.5 million to the California Plaintiffs;

    b.  $2.25 million to the TVC Trustee; and

    c.  $2.25 million to the Opus Trustee.

    d.  The settlement embodied in this Agreement (the "Settlement") is not conditioned on court approval of the allocation of recovery amounts among the Plaintiffs or other claimants, or court approval of any request for attorneys' fees and/or expenses.

5.  Releases:  In consideration for the mutual obligations contained herein, and effective upon satisfaction of the Conditions Precedent:

    a.  Each of the Plaintiffs and Defendants does fully, finally and forever release each other, as well as all respective past and present parents, subsidiaries and affiliates, and their respective current and former directors, officers, general partners, managers, employees, attorneys, and agents, the D&O Insurers and all persons and entities insured under the policies issued by the D&O Insurers to Tri-Valley or Opus from all claims that were or could have been alleged in the Proceedings or which relate in any way to the subject matter of the Proceedings, except as provided herein and in Paragraphs 7 and 8 below and subject to the terms of the Insurer Agreements (the "Released Claims"). By way of example and without limitation of the foregoing, the foregoing releases expressly include any (i) claims by Gamble for attorneys' fees and expenses against Tri-Valley and/or Opus, and (ii) any and all claims by any of the Trustees, the estates of Tri-Valley or Opus, or any other Plaintiff, whether direct or derivative, against Defendants, including but not limited to, any actions under Chapter 5 of title 11 of the United States Code. The foregoing releases will not apply to (i) any claims by and between Opus and Tri-Valley, all of which are expressly preserved, and (ii) any claims by the Plaintiffs against K&L Gates LLP, Behrooz Sarafraz, and

4

persons other than Defendants who received commissions or other payments in connection with the sale of Tri-Valley stock or interests in Opus. Nothing contained in this paragraph is intended to prohibit or prevent the Plaintiffs from taking discovery from the Defendants in aide of their claims against other persons, but both Plaintiffs and Defendants will cooperate in good faith to minimize the expense and disruption caused by such discovery and Defendants reserve the right to seek reimbursement and/or indemnification for attorney's fees and costs from any Plaintiff serving discovery requests, subject to any objections or defenses by said Plaintiff.

b.   Each of the Defendants and their respective agents, representatives, attorneys, successors, heirs, and assigns (the "Defendant-Related Parties"), on the one hand, and Arch and Liberty and each of their respective present, former and future corporate parents, subsidiaries, and affiliates, and their licensees, assigns, principals, shareholders, representatives, insurers, reinsurers, agents, attorneys, employees, partners, officers, and directors, in their official and unofficial capacities, jointly and individually (the "Arch and Liberty Parties"), on the other hand, shall release and forever discharge one another from any and all actual or potential actions, causes of action, suits, proceedings, liabilities, demands, or claims for coverage, sums of money, contracts, controversies, agreements, costs, attorneys' fees, expenses, damages, judgments, compensation or other monetary or non-monetary relief whatsoever, in law or in equity, suspected or unsuspected, claimed or unclaimed, liquidated or unliquidated, matured or unmatured, fixed or contingent, known or unknown, previously existing, existing as of the date of this Agreement or hereafter arising, whether contractual, extra-contractual, in tort, or otherwise that the Defendant-Related Parties, on the one hand, and Arch and Liberty Parties, on the other hand, had, have, or may have in the future against one another with respect to (i) any of the Released Claims; (ii) the Proceedings; (iii) any of the allegations asserted in the Proceedings; (iv) any matter alleging, arising out of, based upon, or attributable to the facts alleged in the Proceedings or alleging any Wrongful Act (as defined in National Union Policy 02-206-15-24) which is the same as or related to any Wrongful Act alleged in the Proceedings; or (v) the D&O Insurers' investigation, evaluation, or handling of the Proceedings or the Released Claims, including but not limited to allegations of any "bad faith" or extra-contractual obligations, breach of any oral or written promise, or breach of any duty grounded in law or in contract relating thereto. Notwithstanding the foregoing and anything else herein to the contrary, the Arch and Liberty Parties and Defendant-Related Parties shall not be released from their obligations under this Agreement and any applicable Insurer Agreement. Nothing herein shall impact or impair the terms of the Insurer Agreements.

c.   The D&O Insurers release Plaintiffs from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Proceedings.

5

6.   Bar Orders:

   a.   Upon court approval of the Settlement, the Parties shall jointly request that the *Siegal* Court enter a permanent bar order (the "Bar Order") containing all of the following provisions:

      i.   Upon payment of the Settlement Fund pursuant to paragraph 3 of this Agreement, the Court permanently bars and enjoins (A) all members of the Settlement Class and their heirs, executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding, or order (as well as a motion or complaint in intervention in the *Siegal* Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities), in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim, or that is based upon, arises out of, or relates to the *Siegal* Action or the transactions and occurrences referred to in the *Siegal* complaint, and (B) all persons and entities from filing, commencing or prosecuting any other lawsuit as a class action or other proceeding (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) on behalf of any member of the Settlement Class, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, or is based upon, arises out of, or relates to the *Siegal* Action or the transactions and occurrences referred to in the *Siegal* complaint.  This paragraph expressly excludes claims against (1) Behrooz Sarafraz, (2) persons other than Defendants who received commissions or other payments in connection with the sale of Tri-Valley stock or interests in Opus, and (3) K&L Gates and its affiliates.

      ii.   In accordance with 15 U.S.C. ¶ 78u-4(f)(7)(A) and Cal. CCP. Code § 887 et seq., any and all claims for contribution arising out of any Released Claim (A) by any person or entity against any of the released persons or entities ("Releasees") and (B) by any of the Releasees against any person or entity (other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii)) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, (1) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such claim for contribution, and (2) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such claim for contribution.

      iii.   The Bar Order shall not release, interfere with, limit, or bar the assertion by any Releasee of any claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in the *Siegal* Action.

6

b. The Trustees, on behalf of themselves, the Debtors and the Debtors' estates, will include a permanent bar order ("Bankruptcy Bar Order") in the proposed 9019 Order in the Proceedings, containing all of the following provisions:

   i. Upon payment of the Settlement Fund pursuant to paragraph 3 of this Agreement, the Trustees, Tri-Valley and Opus (and all other persons that hold, have held, or may hold a claim or other debt or liability, or interest or other right of an equity holder, against, in or relating to Tri-Valley or Opus or their respective estates) (collectively the "Barred Persons") are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing or asserting, either derivatively or on behalf of themselves, in any court, arbitration proceeding, administrative agency, or other forum in the United States of America or elsewhere, any actions, causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, accrued or unaccrued, in law, equity or otherwise that the Barred Persons ever had or now have or may have against any of the Releasees constituting or arising from the Released Claims, including any claims that are duplicative or derivative of any Released Claims, or any Released Claims that could have been brought by or on behalf of the Trustees, Tri-Valley or Opus.

   ii. Upon payment of the Settlement Fund pursuant to paragraph 3 of this Agreement, all Barred Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing or asserting, either derivatively or on behalf of themselves, in any court, arbitration proceeding, administrative agency, or other forum in the United States of America or elsewhere, any actions, causes of action, claims, counterclaims, cross-claims, suits, damages, punitive damages, costs, expenses and attorneys' fees, and demands whatsoever of every kind and nature, whether known or unknown, accrued or unaccrued, in law, equity or otherwise that the Barred Persons ever had or now have or may have against any of the Releasees arising out of, connected with, or related to (A) negotiating and agreeing to the Settlement Agreement; (B) agreeing to make or accept the Settlement Fund; and (C) agreeing to the scope of the Settlement Agreement and the releases set forth in the Settlement Agreement.

   iii. Notwithstanding the foregoing, nothing in the Bankruptcy Bar Order shall be deemed to impact or limit the ability of any Party to the Settlement Agreement to file an action in a court of appropriate jurisdiction to enforce the Settlement Agreement or for damages resulting from breach of the Settlement Agreement.

7. <u>Indemnification of Fees and Expenses of Certain Defendants</u>: Notwithstanding any other provision in this Agreement, Arch and Liberty agree to indemnify Paul Bateman, Greg Billinger, F. Lynn Blystone, Milton J. Carlson, Maston Cunningham, John Durbin, Edward M. Gabriel, Dennis P. Lockhart, Henry Lowenstein, James S. Mayer, Loren J. Miller, Harold J. Noyes (collectively, "Certain Defendants") for up to $66,013.86 in past, current or future reasonable Defense Costs (as defined in National Union Policy 02-206-15-24) related to or arising out of, or related to the claims asserted in, *Stanziale, Jr. v. Blystone, et al.*, Adv.

Pro. No. 13-51212-MFW (Bankr. Del. 2013), *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013) or the *Siegal* Action. Arch and Liberty shall indemnify such Defense Costs on an equal basis and their respective obligations shall not exceed $33,006.93. However, Defense Costs incurred to respond to any objection filed related to the Settlement approval proceedings for the above-listed actions (or any action or proceeding commenced in violation of the Bar Order) shall not count towards the $66,013.86 limit. In addition to the $66,013.86 in past, current or future reasonable Defense Costs and to Defense Costs incurred to respond to any objection filed related to the Settlement approval proceedings, Arch will also indemnify Defendants for Defense Costs, subject to a sublimit of $20,000 through a motion to dismiss, incurred to respond to any new action or proceeding commenced by a Class Member in violation of the Bar Order, and Liberty will also indemnify Defendants for Defense Costs, subject to a sublimit of $13,333 through a motion to dismiss, incurred to respond to any new action or proceeding commenced by a Class Member in violation of the Bar Order. Any additional obligation Arch and Liberty may have with respect to any such new action or proceeding beyond the motion to dismiss will be determined in accordance with the terms of their respective insurance policies and in accordance with the foregoing specified releases. In all events, payment of any Defense Costs by Arch or Liberty shall, in accordance with the terms of their respective policies, reduce the limit of liability of such policies. In no event shall Arch or Liberty have any obligation for the payment of any Defense Costs or other Loss (also defined in National Union Policy 02-206-15-24) after the limit of liability of their respective policies is exhausted.

8. <u>Claims for Unpaid Directors' Fees and Expenses</u>: Nothing in this Agreement waives or prejudices any rights the TVC Outside Directors have with respect to claims against TVC and Opus for unpaid directors' fees and expenses. The Trustees reserve the right to object to any such claims. Plaintiffs agree to indemnify the TVC Outside Directors and Officers for legal expenses not to exceed $61,200, incurred in the defense of *Stanziale, Jr. v. Blystone, et al.*, Adv. Pro. No. 13-51212-MFW (Bankr. Del. 2013), *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013), and the *Siegal* Action. The payments for legal expenses shall be allocated equally among the California Plaintiffs, the TVC Trustee, and the Opus Trustee and shall be paid from their respective shares of the Settlement Fund within ten (10) days after the payments into the Settlement Fund by the D&O Insurers and Gamble in accordance with Paragraph 3. The payments for legal expenses shall be sent by wire to the following account:

| | |
|---|---|
| Account Name: | Gilbert LLP IOLTA |
| Account Number: | 10000083932219 |
| Bank Name: | SunTrust Bank |
| Bank Address: | 1445 New York Avenue, NW |
| | Washington, DC 20005 |
| ABA#: | 061000104 |

9. <u>Administrative Expenses</u>: Costs of notice to members of the Settlement Class (as defined below) and costs of administering the Settlement, including costs of notice required by 28 U.S.C. § 1715(b) (collectively, "Administrative Expenses") shall be advanced from the Initial Settlement Fund.

10. <u>California Plaintiffs' Counsel Fees</u>: California Plaintiffs' counsel may apply to the *Siegal* Court for an award of reasonable attorneys' fees and litigation expenses to be paid from California Plaintiffs' share of the Settlement Fund ("California Plaintiffs' Counsel Fees").

11. <u>Opus Shareholder Settlement Class</u>:

    a.    There will be a settlement class in the *Siegal* Action comprising all persons and entities who purchased securities issued by or on behalf of TVC Opus I Drilling Program, L.P., directly or indirectly, personally or through aggregators (the "Settlement Class"). Excluded from the Settlement Class are all defendants in the *Siegal* Action, their parent companies and subsidiaries, and members of their nuclear families. Defendants may terminate the Settlement if a specified number of members of the Settlement Class request exclusion from the Settlement Class, as set forth in a supplemental agreement entered into contemporaneously with the Settlement Term Sheet (the "Opt-Out Conditions"). The Opt-Out Conditions shall be deemed satisfied unless two or more Defendants give written notice of termination to all Parties.

    b.    Subject to *Siegal* Court approval, the Settlement Class shall be conditionally certified solely for purposes of the settlement embodied in this Agreement. If, for any reason, this Agreement is not approved by the *Siegal* Court, the stipulation for certification and all of the agreements contained herein (except those that apply in the event the Agreement does not receive final approval or the Conditions Precedent are not satisfied) shall be considered null and void and may not be referred to or used as evidence or for any other purpose whatsoever in the Proceedings or any other action or proceeding.

    c.    "Settlement Class Member" shall mean and include each member of the Settlement Class except those who validly and timely request exclusion from the Settlement Class.

    d.    Settlement Class Member Benefits:

        i.    Payments to the Settlement Class Members shall be made from the Settlement Fund, and specifically from the allocation to California Plaintiffs as set forth in Paragraph 4.a. above, minus any allocation of Administrative Expenses (as set forth in Paragraph 9 above) and minus California Plaintiffs' Counsel Fees (as set forth in Paragraph 10 above) that may be approved and awarded by the *Siegal* Court (the "California Settlement Fund").

        ii.    Each Settlement Class Member's share of the California Settlement Fund shall be determined on a pro-rata basis, calculated as each Settlement Class Member's total investment minus return or other payment received from the investment (if any). Each Settlement Class Member shall receive notice as detailed in Paragraph 11.e., below.

    e.    Notice to the Settlement Class and Claims Process

i.   The California Plaintiffs will submit, in connection with the motion for preliminary approval of the Settlement, a form of Notice of Settlement ("Notice"), attached hereto as Exhibit A, for *Siegal* Court approval.

ii.  The California Plaintiffs will also submit, in connection with the motion for preliminary approval of the Settlement, a form of claim form substantially in the form attached hereto as Exhibit B (the "Claim Form"), for *Siegal* Court approval. The Claim Form shall identify the amount of the Settlement Class Member's investment, and will allow the Settlement Class Member to correct the amount stated, upon providing satisfactory proof, under oath, of the investment amount.

iii. Upon *Siegal* Court approval of the Notice and Claim Form, the California Plaintiffs will promptly cause the Notice and Claim Form to be mailed, by First Class U.S. Mail, to the Settlement Class Members. Settlement Class Members shall have forty-five (45) days from the time that Notice is deemed mailed (the "Claim Period") during which to complete and return Claim Forms, contest the amount of their investment, object to the Settlement, or opt out of the Settlement.

iv.  Funds from the California Settlement Fund shall not be distributed to Settlement Class Members until after the occurrence of all Conditions Precedent, and one of the following:
   (1) no appeal and/or petition for review is taken, and the time for an appeal or writ appeal has expired; or
   (2) an appeal and/or petition for review is taken and the settlement is affirmed, and the time period during which further petition for hearing, appeal or writ can be taken has expired;
   Within 30 calendar days of the satisfaction of all contingencies set forth in this Paragraph, the California Plaintiffs shall cause payments due to Settlement Class Members to be mailed, by First Class U.S. Mail. Notwithstanding the foregoing, if the 30th calendar day following satisfaction of contingencies falls on a weekend or holiday, the California Plaintiffs shall have until close of the next business day to complete mailing of Settlement Class Member Benefits (as defined in Paragraph 11(d) above).

f.   Court Approval and Final Judgment

i.   Upon full execution of this Agreement, counsel for the California Plaintiffs, with cooperation from counsel for Defendants in the *Siegal* Action shall take all necessary steps to obtain an order of the *Siegal* Court substantially in the form attached hereto as Exhibit C (the "Preliminary Approval Order"), granting conditional certification of the Settlement Class, granting preliminary approval of this Agreement, and approving the forms and methods of notice to the Settlement Class set forth herein. The Preliminary Approval Order shall further set a date for hearing ("Final Hearing") at which the *Siegal* Court will determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether the award of fees

and expenses to Settlement Class Counsel should be approved; and whether a final judgment should be entered dismissing the *Siegal* Action against the Defendants in the *Siegal* Action on the merits and with prejudice against the Settlement Class Representatives and the Settlement Class Members. The *Siegal* Action shall continue against those persons who are not parties to this Agreement, including Behrooz Sarafraz and K&L Gates LP.

ii. Upon the *Siegal* Court's approval of this Agreement and the settlement set forth herein, counsel for the California Plaintiffs, with cooperation from counsel for Defendants in the *Siegal* Action, shall take all necessary steps to obtain an order of the *Siegal* Court substantially in the form attached hereto as Exhibit D ("Final Approval Order"), granting final certification of the Settlement Class, granting final approval of this Agreement, and setting forth the Bar Order in Paragraph 6(a) above.

iii. Upon the *Siegal* Court's approval of this Agreement and the settlement set forth herein, counsel for the California Plaintiffs, with cooperation from counsel for Defendants in the *Siegal* Action, shall take all necessary steps to obtain entry of a judgment substantially in the form attached hereto as Exhibit E ("Final Judgment"), dismissing with prejudice the *Siegal* Action against the Defendants in the *Siegal* Action on the merits and with prejudice against the Settlement Class Representatives and the Settlement Class Members who do not file valid and timely requests for exclusion pursuant to the Notice above. The *Siegal* Action shall continue against those persons who are not parties to this Agreement, including Behrooz Sarafraz and K&L Gates LP.

iv. Should this Agreement not receive final *Siegal* Court approval for any reason, or if this Agreement is canceled or terminated or is overturned on appeal, or does not become final as a result of further proceedings on remand, this Agreement shall be null and void and of no force and effect, and nothing herein shall be deemed to prejudice the position of any of the Parties with respect to the *Siegal* Action or otherwise, and neither the existence of this Agreement nor its contents shall be admissible in evidence, referred to for any purpose in the *Siegal* Action or in any other litigation or proceeding, or be deemed a presumption, concession or admission by Defendants of any fault, liability or wrongdoing.

12. <u>Conditions Precedent</u>: The Settlement is conditioned upon the following (the "Conditions Precedent"):

a. Negotiation and execution of this Agreement;

b. Approval of the Settlement by the Bankruptcy Court, including dismissal with prejudice of the Adversary Proceedings;

c. Approval by *Siegal* Court, including preliminary approval, certification of the Settlement Class for settlement purposes only, satisfaction of the Opt-Out Conditions,

dismissal of all claims against Defendants in the *Siegal* Action, and final approval in accordance with the terms of this Agreement;

d.  Entry of the Bar Order by the *Siegal* Court and the Bankruptcy Bar Order by the Bankruptcy Court in accordance with paragraph 6 above. The failure of the Bankruptcy Court to enter the Bankruptcy Bar Order on the grounds that it lacks the power to do so will not be grounds for termination of the Settlement.

13.  <u>Bankruptcy Court Approval of the Settlement</u>: Within fifteen (15) business days after execution of this Agreement, the Trustees shall file motions seeking approval of the Settlement by the Bankruptcy Court, which other Parties shall not oppose. The motions shall be circulated to the Defendants in advance of filing and shall be in a form reasonably acceptable to the Defendants.

14.  <u>*Siegal* Court Approval of the Settlement</u>: Within fifteen (15) business days after execution of this Agreement, California Plaintiffs shall file a motion seeking preliminary approval of the Settlement by the *Siegal* Court, which other Parties shall not oppose. The California Plaintiffs shall take all necessary actions required in order to obtain final approval of the Settlement. The motions shall be circulated to the Defendants in advance of filing and shall be in a form reasonably acceptable to the Defendants.

15.  <u>Certification of Opus Shareholder Settlement Class</u>: Simultaneously with the California Plaintiffs' motion for preliminary approval of the Settlement, California Plaintiffs will seek, and the Parties will not object to, certification of the Settlement Class for settlement purposes only. The Parties (other than California Plaintiffs) need not join the class certification request and neither admit nor agree that the Settlement Class is appropriate for purposes of litigation. The motion and other documents filed in support of such requests shall be circulated to the Defendants in advance of filing and shall be in a form reasonably acceptable to the Defendants.

16.  <u>Litigation Stayed</u>: Litigation of the Proceedings shall be stayed pending the Parties' efforts to effectuate the terms of the Settlement.

17.  <u>Termination of the Settlement</u>:

a.  If any of the following events occurs, each Party shall have the right to terminate the Settlement:

i.  The *Siegal* Court denies, with prejudice, preliminary approval or final approval of the Settlement, or certification of the Settlement Class for settlement purposes only, and the California Plaintiffs exhaust all reasonable and meritorious means of review of the Court's orders, including reconsideration or appeal;

ii.  The Opt-Out Conditions are not satisfied;

iii.  The Bankruptcy Court denies approval of the Settlement.

12

    iv.   Either the *Siegal* Court or the Bankruptcy Court does not enter the Bar Order or the Bankruptcy Bar Order in accordance with paragraph 6 above; provided, however, that the failure of the Bankruptcy Court to enter the Bankruptcy Bar Order on the grounds that it lacks the power to do so will not be grounds for termination of the Settlement.

   b.   Any Party seeking to terminate the Settlement under subparagraph (a) shall provide written notice to all other Parties. In the event of termination for any of the reasons set forth in subparagraph (a), the Parties will be returned to the positions they were in immediately prior to the date of execution of the Settlement Term Sheet, as if the Settlement Term Sheet and this Agreement never existed, and the remaining Initial Settlement Fund shall within 15 days after the effective date of such termination be refunded to National Union, net of any actual Administrative Expenses incurred in connection with the Settlement up to the date of termination.

18.   <u>No Admissions</u>: Defendants each and all deny any wrongdoing and make no admissions concerning the allegations in the Proceedings. The provisions of the Settlement Term Sheet and this Agreement and all negotiations, discussions and proceedings in connection with the Settlement are not an admission by Defendants of fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Proceedings or in any other actions or proceedings, and shall not be received in evidence or otherwise used in the Proceedings or in any other action or proceeding for any purpose. If the Settlement does not become final and effective, the Parties will revert to their respective litigation positions as if the Settlement Term Sheet and this Agreement never existed.

19.   <u>Confidentiality</u>: The Settlement Term Sheet is confidential, and is governed by Rule 408 of the Federal Rules of Evidence, Delaware Bankruptcy Local Rule 9019-5(d), and any similar rules and statutory provisions governing the non-admissibility of settlement discussions, as well as the terms of the JAMS mediation agreement among the Parties.

20.   <u>Best Efforts and Cooperation</u>: The Parties shall cooperate and exercise their best efforts to implement the terms of the Settlement, to satisfy the Conditions Precedent, to obtain approval of this Agreement, and to reasonably avoid the occurrence of events that would lead to termination of the Settlement. The California Plaintiffs agree to this Settlement and will not opt out or solicit or encourage other Settlement Class members to opt out.

21.   <u>Authority</u>: Undersigned counsel represent that they have authority to sign this Agreement on behalf of their respective clients.

22.   <u>Governing Law</u>: This Agreement shall be governed by and interpreted in accordance with the federal laws of the United States (including the federal common law of contracts) and, to the extent such federal laws are not applicable, by the laws of the State of Delaware without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction.

23.   <u>Entire Agreement; Agreement to be Construed as a Whole</u>: This Agreement contains the entire understanding between the Parties as to all matters referred to herein, except to the

extent that this Agreement incorporates, contemplates, or acknowledges an ancillary agreement and such ancillary agreement is executed by the parties thereto. No other representations, covenants, undertakings, or prior or contemporaneous agreements, whether oral or written, regarding any matters that are not specifically contained in, incorporated into, or acknowledged by this Agreement, shall be deemed to have any effect or binding impact upon the Parties. This Agreement has been jointly negotiated by the Parties and is agreed to by the Parties. The language of this Agreement shall be construed as a whole according to its fair meaning and in accordance with its purpose and without regard to whom may have drafted any particular provision herein.

24. Counterparts: This Agreement may be executed in any number counterparts and by facsimile, all of which taken together shall constitute one and the same instrument, and any of the Parties may execute this Agreement by signing any such counterpart, provided that this Agreement shall not become effective until all Parties have executed the same.

25. Amendments or Modifications: This Agreement may only be amended or modified by a writing signed by all Parties. No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provisions of this Agreement. Any notices required or contemplated herein shall also be in writing.

26. Agreement Supported by Consideration; No Duress: The Parties agree, covenant, represent, and warrant that this Agreement is supported by consideration and that this Agreement is being entered into knowingly, voluntarily, without mental reservation, with no purpose of evasion, and with the intent to be legally bound hereby, without coercion of any kind, in part to remove the uncertainty and expenses of additional negotiations and further or possible future litigation and with an adequate opportunity for and the actual benefit of the assistance and advice of legal counsel.

27. No Admission: This Agreement represents the full settlement and compromise of disputed claims. Neither the execution nor the performance of this Agreement shall be construed as an admission of liability on the part of any Party to this Agreement, and all Parties expressly deny any such liability.

28. Nonreliance: Each Party expressly assumes any and all risk that the facts and law may be or become different from the facts and law as known to, or believed to be, by the Parties as of the date of this Agreement, and no Party has relied upon any information supplied by the other or its counsel, or upon any obligation or alleged obligation of the other Party or its counsel to disclose information relevant to this Agreement.

29. Binding Effect; Benefit: This Agreement shall inure to the benefit of and be binding upon the Parties, and their respective successors, administrators, trustees, executors, and assigns. Except as specifically set forth herein, nothing in this Agreement, express or implied, is intended to confer upon any other person any rights, remedies, obligations, or liabilities.

30. Acknowledgment of Legal Advice: The Parties acknowledge and agree that they enter into this Agreement after consultation with their attorneys, that their attorneys have explained

the terms of this Agreement, and that they fully understand and voluntarily accept the terms of this Agreement.

31. **Rule of Construction**: The Parties and their respective counsel have reviewed this Agreement and acknowledge and agree that any rule of construction that would require an ambiguity, if any, in this Agreement to be construed against the drafter shall not be employed in the interpretation of this Agreement.

32. **Necessary Acts; Further Assurances**: The Parties shall, at their own cost and expense, execute and deliver such further documents and instruments and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement or to show the ability to carry out the intent and purposes of this Agreement, including without limitation any action required to be taken with the Internal Revenue Service or applicable state department of revenue. In no event shall any Party unreasonably refuse to perform such acts.

33. **Severability**: If any term or other provision of this Agreement is determined to be invalid, illegal or incapable of being enforced by any rule or law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of this Agreement is not affected in any manner materially adverse to any Party. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the Settlement contemplated hereby is fulfilled.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement and Release as of the date first above written.

PLAINTIFFS:

By_____
     Eduardo Glas

     McCarter & English, LLP

*Attorneys for Charles Stanziale, Jr. Chapter 7
Trustee of Tri-Valley Corporation*

By_____
     Mark E. Felger

     Cozen O'Connor

15

*Attorneys for Jeoffrey L. Burtch, Chapter 7*
*Trustee of TVC Opus I Drilling Program L.P.*

By_____
    Edward S. Zusman

Markun Zusman Freniere & Compton LLP

*Attorneys for Steven Siegal, James Rybicki,*
*David Groblebe, individually and as General*
*Partner of Grobco II, and Christian Wipf, all*
*individually and on behalf of the Opus*
*Shareholder Settlement Class, and G. Robert*
*Miller, individually*

By_____
    G. Robert Miller

16

*Attorneys for Jeoffrey L. Burtch, Chapter 7*
*Trustee of TVC Opus I Drilling Program L.P.*

By_____
    Edward S. Zusman

Markun Zusman Freniere & Compton LLP

*Attorneys for Steven Siegal, James Rybicki,*
*David Groblebe, individually and as General*
*Partner of Grobco II, and Christian Wipf, all*
*individually and on behalf of the Opus*
*Shareholder Settlement Class, and G. Robert*
*Miller, individually*

By _G. Robert Mille_ _12/17/2014_
    G. Robert Miller

16

**DEFENDANTS:**

By _____
    Lynn K. Neuner
    George S. Wang

    Simpson Thacher & Bartlett LLP

    *Attorneys for Paul Bateman, Greg Billinger,*
    *Milton J. Carlson, Maston Cunningham, John*
    *Durbin, Edward Gabriel, Dennis Lockhart,*
    *Henry Lowenstein, James Mayer, Loren Miller*
    *and Harold Noyes*


By _____
    Brian P. Miller
    Samantha J. Kavanaugh

    Akerman LLP

    *Attorneys for F. Lynn Blystone*


By _____
    J. Cory Falgowski

    Reed Smith LLP

    *Attorneys for G. Thomas Gamble*

By: _____
    Eric Sutter

    CGA Law Firm

    *Attorneys for Joseph Kandle*

By: _____
    Rolland Jones

    Jones & Associates

    *Attorneys for James G. Bush*


17

**DEFENDANTS:**

By_____
    Lynn K. Neuner
    George S. Wang

    Simpson Thacher & Bartlett LLP

    *Attorneys for Paul Bateman, Greg Billinger,*
    *Milton J. Carlson, Maston Cunningham, John*
    *Durbin, Edward Gabriel, Dennis Lockhart,*
    *Henry Lowenstein, James Mayer, Loren Miller*
    *and Harold Noyes*

By_____
    Brian P. Miller
    Samantha J. Kavanaugh

    Akerman LLP

    *Attorneys for F. Lynn Blystone*

By_____
    J. Cory Falgowski

    Reed Smith LLP

    *Attorneys for G. Thomas Gamble*

By: _____
    Eric Sutter

    CGA Law Firm

    *Attorneys for Joseph Kandle*

By: _____
    Rolland Jones

    Jones & Associates

    *Attorneys for James G. Bush*

17

**DEFENDANTS:**

By_____
    Lynn K. Neuner
    George S. Wang

    Simpson Thacher & Bartlett LLP

    *Attorneys for Paul Bateman, Greg Billinger,*
    *Milton J. Carlson, Maston Cunningham, John*
    *Durbin, Edward Gabriel, Dennis Lockhart,*
    *Henry Lowenstein, James Mayer, Loren Miller*
    *and Harold Noyes*

By_____
    Brian P. Miller
    Samantha J. Kavanaugh

    Akerman LLP

    *Attorneys for F. Lynn Blystone*

By_____
    J. Cory Falgowski

    Reed Smith LLP

    *Attorneys for G. Thomas Gamble*

By: _____
    Eric Sutter

    CGA Law Firm

    *Attorneys for Joseph Kandle*

By: _____
    Rolland Jones

    Jones & Associates

    *Attorneys for James G. Bush*

17

**DEFENDANTS:**

By_____

   Lynn K. Neuner
   George S. Wang

Simpson Thacher & Bartlett LLP

*Attorneys for Paul Bateman, Greg Billinger,*
*Milton J. Carlson, Maston Cunningham, John*
*Durbin, Edward Gabriel, Dennis Lockhart,*
*Henry Lowenstein, James Mayer, Loren Miller*
*and Harold Noyes*

By_____

   Brian P. Miller
   Samantha J. Kavanaugh

Akerman LLP

*Attorneys for F. Lynn Blystone*

By_____

   J. Cory Falgowski

Reed Smith LLP

*Attorneys for G. Thomas Gamble*

By: _____

   Eric Sutter

CGA Law Firm

*Attorneys for Joseph Kandle*

By: _____

   Rolland Jones

Jones & Associates

*Attorneys for James G. Bush*

17

**DEFENDANTS:**

By_____
    Lynn K. Neuner
    George S. Wang

    Simpson Thacher & Bartlett LLP

    *Attorneys for Paul Bateman, Greg Billinger,*
    *Milton J. Carlson, Maston Cunningham, John*
    *Durbin, Edward Gabriel, Dennis Lockhart,*
    *Henry Lowenstein, James Mayer, Loren Miller*
    *and Harold Noyes*

By_____
    Brian P. Miller
    Samantha J. Kavanaugh

    Akerman LLP

    *Attorneys for F. Lynn Blystone*

By_____
    J. Cory Falgowski

    Reed Smith LLP

    *Attorneys for G. Thomas Gamble*

By: _____
    Eric Sutter

    CGA Law Firm

    *Attorneys for Joseph Kandle*

By: _____
    Rolland Jones

    Jones & Associates

    *Attorneys for James G. Bush*

17

**D&O POLICY CARRIERS:**

By_____
   Michael L. Manire

   D'Amato & Lynch, LLP

   *Attorneys for National Union Fire Insurance*
   *Company of Pittsburgh, PA and AIG Claims, Inc.*


By_____
   Kevin Mikulaninec

   Walker Wilcox Matousek LLP

   *Attorneys for Arch Insurance Company*


By_____
   Ivan J. Dolowich

   Kaufman Dolowich & Voluck, LLP

   *Attorneys for Liberty Mutual Insurance Company*

4848-4113-2576, v. 3

19

**D&O POLICY CARRIERS:**

By_____
   Michael L. Manire

   D'Amato & Lynch, LLP

   *Attorneys for National Union Fire Insurance*
   *Company of Pittsburgh, PA and AIG Claims, Inc.*

By_____
   Kevin Mikulaninec

   Walker Wilcox Matousek LLP

   *Attorneys for Arch Insurance Company*

By_____
   Ivan J. Dolowich

   Kaufman Dolowich & Voluck, LLP

   *Attorneys for Liberty Mutual Insurance Company*

4848-4113-2576, v. 3

19

**D&O POLICY CARRIERS:**

By_____
    Michael L. Manire

    D'Amato & Lynch, LLP

    *Attorneys for National Union Fire Insurance*
    *Company of Pittsburgh, PA and AIG Claims, Inc.*


By_____
    Kevin Mikulaninec

    Walker Wilcox Matousek LLP

    *Attorneys for Arch Insurance Company*

By_____
    Ivan J. Dolowich

    Kaufman Dolowich & Voluck, LLP

    *Attorneys for Liberty Mutual Insurance Company*

4848-4113-2576, v. 3

19

By: _____
    James Kromer

EXHIBIT A

# If you purchased securities issued by TVC Opus I Drilling Program, L.P., your rights may be affected by a class action settlement.

*The United States District Court, Northern District of California, approved this notice. This Notice is being sent pursuant to a court order. It is not a solicitation from a lawyer.*

- To take part in this settlement, you must be a person who purchased securities issued by TVC Opus I Drilling Program, L.P.

- Your legal rights are affected whether you act or do not act. Please read this notice carefully.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | You must submit a signed claim form by the deadline to participate in the settlement and receive a portion of settlement funds. In exchange for receiving a share of settlement funds, you will be giving up the right to bring any lawsuit against the defendants about the legal claims in this case. |
| EXCLUDE YOURSELF | You will not be a part of this lawsuit or the settlement. This is the only option that allows you to be part of any other lawsuit against the defendants about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | You will not be able to take part in the settlement or collect any money under the settlement, but you will be bound by the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Settlement funds will be distributed if the Court approves the settlement and after appeals, if any, are resolved.

NOTICE OF SETTLEMENT

**EXHIBIT A**

<div style="background:black;color:white;text-align:center">WHAT THIS NOTICE CONTAINS</div>

[Headings to be hyper-linked to respective sections of notice.]

BASIC INFORMATION...........................................................................................................3
1.    Why did I get this notice package? .........................................................................3
2.    What is this lawsuit about?.......................................................................................3
3.    Why is this a class action?.......................................................................................3
4.    Why is there a settlement? ......................................................................................3
WHO IS IN THE SETTLEMENT...........................................................................................4
5.    Is anyone else included in the settlement? ...........................................................4
6.    How do I know if I am part of the settlement?........................................................4
7.    Are there exceptions to the settlement?.................................................................4
8.    What happens with legal claims against Non-Settling Defendants? .....................5
THE SETTLEMENT BENEFITS.............................................................................................5
9.    What benefits does the settlement provide? ..........................................................5
HOW YOU GET YOUR SHARE OF THE SETTLEMENT BENEFITS – SUBMITTING A CLAIM
        FORM ...............................................................................................................6
10.   How can I qualify to receive a share of the settlement funds? ..............................6
11.   When would I get my share of the settlement? ......................................................6
12.   What am I giving up to stay in the Settlement Class?.............................................6
EXCLUDING YOURSELF FROM THE SETTLEMENT ......................................................7
13.   How do I get out of the settlement? ........................................................................7
14.   If I don't exclude myself, can I sue for the same thing later?.................................7
15.   If I exclude myself, can I get any benefits from this settlement?............................7
THE LAWYERS REPRESENTING YOU ..............................................................................8
16.   Do I have a lawyer in this case?..............................................................................8
17.   How will the lawyers be paid? .................................................................................8
OBJECTING TO THE SETTLEMENT ..................................................................................8
18.   How do I tell the Court that I don't like the settlement?.........................................8
19.   What is the difference between objecting and opting out?.....................................9
THE COURT'S FAIRNESS HEARING ..................................................................................9
20.   When and where will the Court decide whether to approve the settlement?..........9
21.   Do I have to come to the hearing?...........................................................................9
22.   May I speak at the hearing?.....................................................................................9
IF YOU DO NOTHING ...........................................................................................................9
23.   What happens if I do nothing at all?........................................................................9
GETTING MORE INFORMATION.......................................................................................10
24.   Are there more details about the settlement? ......................................................10
25.   How do I get more information?.............................................................................10

**EXHIBIT A**

# BASIC INFORMATION

**1.    Why did I get this notice package?**

Our records show that you purchased securities issued by TVC Opus I Drilling Program, L.P. ("Opus").

The Court ordered this notice to be sent to potential class members because you have the right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and any appeals are resolved, you may be entitled to obtain the benefits the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to obtain them.

The Court in charge of the case is the United States District Court, Northern District of California, and the case is known as *Siegal, et al. v. Gamble, et al.,* Case No. 13 Civ. 3570-RS. Judge Richard Seeborg is presiding over the case. The people who are suing are called the "Plaintiffs," and the company and people they sued are called the "Defendants."

**2.    What is this lawsuit about?**

The lawsuit claims that the Defendants committed misconduct in connection with the Opus investments. The Plaintiffs filed a Complaint, in which they claim that Opus sold investments using oral and written misstatements. The Plaintiffs also claim that Opus's managing partner, Tri-Valley Corporation ("Tri-Valley"), including its officers and directors, violated the law. The Plaintiffs also allege that Opus paid unlawful commissions to unlicensed sales persons, and that the investments were sold without being properly registered with the appropriate regulatory agencies. The Defendants have denied all allegations and have asserted many defenses. The settlement is not an admission of wrongdoing or an indication that any law was violated.

**3.    Why is this a class action?**

In a class action, one or more people, called Class Representatives (in this case, Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf), sue on behalf of people who may have similar claims. The Court has not decided whether this case could be litigated as a class action, but the Plaintiffs and certain Defendants have agreed to settle the case on a classwide basis, on behalf of a Settlement Class. As a result, one court will resolve all legal issues regarding the settlement for all Settlement Class members, except those who exclude themselves from the Settlement Class.

**4.    Why is there a settlement?**

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost of a trial, and settlement benefits go to the Settlement Class Members. The Class Representatives and the attorneys for the class think the settlement is best for the Settlement Class.

NOTICE OF SETTLEMENT

EXHIBIT A

# WHO IS IN THE SETTLEMENT

**5.    Is anyone else included in the settlement?**

Several other lawsuits have been filed. Those cases are in the Bankruptcy Court in the District of Delaware. There are four bankruptcy petitions, resulting from various Opus and Tri-Valley entities filing for bankruptcy protection. The four bankruptcy petitions are:

1.    *In re Tri-Valley Corporation*, Case No. 12-12291-MFW (Bankr. D. Del. 2012);

2.    *In re Tri-Valley Oil & Gas Co.*, Case No. 12-12292-MFW (Bankr. D. Del. 2012);

3.    *In re Select Resources Corporation, Inc.*, Case No. 12-12293-MFW (Bankr. D. Del. 2012); and

4.    *In re TVC Opus I Drilling Program, L.P.*, Case No. 12-12294-MFW (Bankr. D. Del. 2012).

In addition, several other lawsuits have been filed in the Bankruptcy Court in the District of Delaware, in which wrongdoing has been alleged against some of the same defendants that are named in this lawsuit. The additional Delaware lawsuits are:

1.    *Stanziale, Jr. v. Blystone, et al.*, Adv. Pro. No. 13-51212-MFW (Bankr. Del. 2013);

2.    *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013);

3.    *Stanziale, Jr. v. Gamble, et al.*, Adv. Pro. No. 13-51312-MFW (Bankr. D. Del. 2013);

4.    *Burtch v. Gamble, et al.*, Adv. Pro. No. 13-51316-MFW (Bankr. Del. 2013);

5.    *Official Committee of Equity Security Holders of TVC Opus I Drilling Program, L.P., et al. v. Gamble, et al.*, Adv. Pro. No. 12-50994-MFW (Bankr. D. Del. 2012); and

6.    *Stanziale, Jr. v. Blystone*, Adv. Pro. No. 14-50625-MFW (Bankr. D. Del. 2014).

The above lawsuits raise similar claims and allegations. Therefore, the plaintiffs in the above cases have agreed to take part in the settlement.

**6.    How do I know if I am part of the settlement?**

Judge Seeborg has decided that everyone who fits the following description is a Settlement Class Member:

*All persons and entities who purchased securities issued by or on behalf of TVC Opus I Drilling Program, L.P., directly or indirectly, personally or through aggregators (the "Settlement Class"). Excluded from the Settlement Class are all defendants in the Siegal Action, including their parent companies and subsidiaries, and members of their nuclear families, and any member of the judiciary presiding over this action.*

**7.    Are there exceptions to the settlement?**

The Settlement Class covers *only* legal claims against the following defendants: G. Thomas Gamble, Loren J. Miller, Henry Lowenstein, Paul W. Bateman, Edward M. Gabriel, James S. Mayer, F. Lynn Blystone, Maston Cunningham, John Durbin, and Greg Billinger (the "Settling Defendants"). This settlement does *not* cover the following defendants: Behrooz Sarafraz, Alfred Lopez, K&L Gates LLP, Charles A. Dale III, and Joshua Lane (the "Non-Settling Defendants"). None of the legal claims against the Non-Settling Defendants are covered by this settlement. Also, some of the Defendants in this lawsuit were also Opus investors. None of these

NOTICE OF SETTLEMENT

Defendants, including their parent companies and subsidiaries, and members of their nuclear families, will be eligible to participate as Settlement Class Members.

**8.    What happens with legal claims against Non-Settling Defendants?**

The parties have agreed that the legal claims against the Non-Settling Defendants will be stayed, or placed "on hold," until the Judge decides whether to approve the settlement.  After the Judge makes a decision on the settlement, the legal claims against the Non-Settling Defendants will proceed.

## THE SETTLEMENT BENEFITS

**9.    What benefits does the settlement provide?**

Under the proposed settlement, qualifying Settlement Class Members will be entitled to a pro-rata share of certain settlement funds.  The total amount allocated to settling this lawsuit is $4.5 million, minus administrative expenses, attorney's fees, and litigation expenses.  The exact amount that will be paid to each Settlement Class Member will not be known until after the court makes a decision on whether to give the settlement final approval, and what amount it will award to the Class Members and the attorneys hired by them.

The settlement also covers the payment of funds to the Bankruptcy Trustees that will be paid to stakeholders in TVC and Opus or otherwise administered by the Bankruptcy estates:

a.    $2.25 million will be allocated to the TVC Trustee;

b.    $2.25 million will be allocated to the Opus Trustee.

**EXHIBIT A**

# HOW YOU GET YOUR SHARE OF THE SETTLEMENT BENEFITS – SUBMITTING A CLAIM FORM

**10.    How can I qualify to receive a share of the settlement funds?**

To qualify to receive a share of the settlement funds, you must send in a completed Claim Form by **[INSERT BOLDED DATE]**. Claim Forms, including instructions on how to make a claim, are available on the Internet at www.XXXXXXX.com. You may also request a Claim Form be sent to you by mail.

You must read the instructions carefully, fill out the Claim Form, and sign and date the Claim Form under penalty of perjury. Claims must be postmarked on or before **[INSERT DATE 48 calendar days after mailing] and received no later than 21 days thereafter. If you fail to return your Claim Form by the required date, your claim will be rejected, and you will be deemed to have waived all rights to receive any benefits under this settlement.**

**11.    When would I get my share of the settlement?**

The proposed settlement must be approved by the Court. Even if it is approved by the Court, there can still be appeals. The settlement will become final only if it is approved by the Court and any appeals are resolved in favor of the settlement. If no appeals are filed, the settlement becomes final after the deadline for filing an appeal passes.

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the settlement.

If the Court approves the settlement, there may be appeals. The settlement will become final only if it is approved by the Court, and any appeals are resolved in favor of the settlement. Alternatively, if no one files an appeal, the settlement will become final after the deadline for filing an appeal has passed. If an appeal is filed, the appeal process can take time, perhaps more than a year.

**12.    What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you may not sue, continue to sue, or be part of any other lawsuit against the Settling Defendants relating to the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. Whether or not you submit a claim form, you will be legally bound by the Court's orders.

EXHIBIT A

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you fit the description of the Settlement Class, and you *do not* want to participate in the settlement, and *do* want to keep the right to sue or continue to sue the Settling Defendants on your own, about the legal issues in this case, then you must take steps to get out of the settlement. This is called opting out, or excluding yourself, from the Settlement Class.

**13.    How do I get out of the settlement?**

To exclude yourself from the settlement you must send a letter by mail to the attorneys representing the Settlement Class and Settling Defendants saying that you want to be excluded from the settlement in *Siegal, et al. v. Gamble, et al.*, Case No. 13 Civ. 3570-RS. You must include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [**INSERT DATE 48 Calendar Days after mailing**], to:

| COUNSEL FOR THE SETTLEMENT CLASS | COUNSEL FOR SETTLING DEFENDANTS: |
|---|---|
| Edward S. Zusman, Esq. <br> Kevin K. Eng, Esq. <br> MARKUN ZUSMAN FRENIERE & COMPTON LLP <br> 465 California Street, Suite 500 <br> San Francisco, CA 94104 | Lynn K. Neuner <br> George S. Wang <br> SIMPSON TACHER & BARTLETT LLP <br> 425 Lexington Avenue <br> New York, New York 10017 <br><br> Brian P. Miller <br> Samantha J. Kavanaugh <br> AKERMAN LLP <br> One SE 3rd Avenue, 25th Floor <br> Miami, FL 33131 <br><br> J. Cory Falgowski <br> REED SMITH LLP <br> 1201 Market Street, Suite 1500 <br> Wilmington, DE 19801 |

You cannot exclude yourself on the phone or by fax or e-mail. If you ask to be excluded, you will not be entitled to any relief under the settlement. You will also lose the right to object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Settling Defendants in the future about the legal issues in this case.

**14.    If I don't exclude myself, can I sue for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue the Settling Defendants for the claims that this settlement resolves. You must exclude yourself from this Settlement Class if you want to pursue your own lawsuit. Remember, your exclusion must be postmarked on or before [**INSERT DATE 48 Calendar Days after mailing**].

**15.    If I exclude myself, can I get any benefits from this settlement?**

No. If you exclude yourself, you will not be eligible for any of the benefits under the settlement. But you may be able to sue, continue to sue, or be part of a different lawsuit against the Settling Defendants about the legal issues in this case. However, you may continue to have rights under bankruptcy.

EXHIBIT A

# THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|-----|----------------------------------|

The Settlement Class is represented in this case by the following attorneys: Edward Zusman and Kevin Eng of Markun Zusman Freniere & Compton LLP in San Francisco, California. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|-----|-------------------------------|

Counsel for the Settlement Class will ask the Court for an award of include attorneys' fees and expenses. These amounts, if approved, would be deducted from the $4.5 million settlement funds allocated to settling this lawsuit. The Settling Defendants have agreed they will not oppose any requests that will be made by Counsel for the Settlement Class for these fees and expenses.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with any part of the settlement.

| 18. | How do I tell the Court that I don't like the settlement? |
|-----|-----------------------------------------------------------|

*If you are a Settlement Class Member,* you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the settlement. The Court will consider your views. To object, you must send a letter stating your objection to the settlement in *Siegal, et al. v. Gamble, et al.*, Case No. 13 Civ. 3570-RS. You must include your name, address, telephone number, your signature, and the reasons you object to the settlement. The objection and any supporting papers must be mailed to and received by each of the following no later than _____:

| THE COURT | COUNSEL FOR THE SETTLEMENT CLASS | COUNSEL FOR SETTLING DEFENDANTS |
|-----------|----------------------------------|----------------------------------|
| United States District Court<br>450 Golden Gate Avenue, Box 36060<br>San Francisco, CA 94102-3489 | Edward S. Zusman, Esq.<br>Kevin K. Eng, Esq.<br>MARKUN ZUSMAN<br>FRENIERE & COMPTON LLP<br>465 California Street, Suite 500<br>San Francisco, CA 94104 | Lynn K. Neuner<br>George S. Wang<br>SIMPSON TACHER &<br>BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br><br>Brian P. Miller<br>Samantha J. Kavanaugh<br>AKERMAN LLP<br>One SE 3rd Avenue<br>25th Floor<br>Miami, FL 33131<br><br>J. Cory Falgowski<br>REED SMITH LLP<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801 |

NOTICE OF SETTLEMENT

EXHIBIT A

**19.    What is the difference between objecting and opting out?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Opting out is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

**20.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at _____ on _____, before Judge Richard Seeborg, in Courtroom 3 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102-3489. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Seeborg will listen to people who have asked to speak at the hearing. The Court may also consider how much to pay Counsel for the Settlement Class. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**21.    Do I have to come to the hearing?**

No. Counsel for the Settlement Class and the Settling Defendants will answer questions Judge Seeborg may have, but they will not speak on behalf of anyone objecting to the settlement. You are welcome to attend the hearing at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not required. Finally, you may seek to intervene in the action, but it is not required.

**22.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Siegal, et al. v. Gamble, et al.*, Case No. 13 Civ. 3570-RS." Your letter must include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by the Clerk of the Court, Counsel for the Settlement Class, and Counsel for the Settling Defendants, at the addresses listed in the response to question 18 (above), no later than _____. You may not speak at the hearing if you excluded yourself, or if you do not send in a Notice of Intention to Appear.

## IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you will get no benefit from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case, ever again.

NOTICE OF SETTLEMENT

**EXHIBIT A**

# GETTING MORE INFORMATION

| 24. | Are there more details about the settlement? |
|---|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. Copies of the Settlement Agreement and the pleadings and other documents relating to the case are on file with the District Court, and may be examined at the Office of the Clerk, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. The Front Desk is open 9:00 a.m. to 4:00 p.m., and the File Viewing Room is open 9:00 a.m. to 1:00 p.m., Mondays through Fridays, except for federal holidays. The Settlement Agreement is also available at www.XXXXXXX.com.

| 25. | How do I get more information? |
|---|---|

You can visit the settlement website at www.XXXXXXX.com, where you will find a Claim Form, plus other information about the case and the settlement. You may also write to Settlement Class Counsel: Edward Zusman and Kevin Eng, Markun Zusman Freniere & Compton LLP, 465 California Street, Suite 500, San Francisco, CA 94104.

**DO NOT DIRECT ANY QUESTIONS TO THE COURT.**

Date: _____, 2014

NOTICE OF SETTLEMENT

EXHIBIT B

## SETTLEMENT CLAIM FORM

**THIS IS AN OFFICIAL LEGAL DOCUMENT APPROVED BY A COURT OF LAW.
PLEASE READ IT CAREFULLY – IT CONCERNS YOUR LEGAL RIGHTS.**

You are receiving this Settlement Claim Form pursuant to a settlement that was reached in a lawsuit, *Steven Siegal, et al. v. G. Thomas Gamble, et al.*, Case No. 13 Civ. 3570-RS, pending in the United States District Court for the Northern District of California. Records obtained in the lawsuit show that you are covered by the settlement, and that you may be entitled to participate in the settlement, if it is finally approved by the Court.

TO TAKE PART IN THE SETTLEMENT, YOU MUST <u>SIGN</u> AND RETURN THIS CLAIM FORM, POSTMARKED ON OR BEFORE _____, 2014. Please make corrections, if necessary, and <u>sign and return</u> this Claim Form to **Tri-Valley/Opus Settlement, PO Box _____, _____, __ *****.** Please keep copies for your records. The Claim Form must be received by the Claims Administrator no later than 21 days thereafter.

## CLAIM FORM
**ALL INFORMATION IS REQUIRED AND WILL BE TREATED AS CONFIDENTIAL.**

According to our records, your investment is as follows:
[Owner]
[Mailing Address – Street]
[Mailing Address – City/State/Country]
Investment Type: [Direct/Indirect]
Amount Invested: $[Amount]
Number of Units: [Number]

☐ Check this box if you believe any of the above information is incorrect and make any necessary corrections below. **Please type or print clearly in blue or black ink.**

<u>1. Owner's Contact Information</u>
Name of Entity
(If owner is not a
natural person)    _____

Owner's Legal Name/
Name of contact
person    _____
          First                          Last

Address:    _____

City: _____  State: _____  Zip Code: _____

E-mail:    _____

EXHIBIT B

2.      Date Investment Purchased: _____, 20__.

3.      Amount Invested: _____

4.      Type of Investment: ____ Direct     ____ Indirect

## DECLARATION UNDER PENALTY OF PERJURY
## (sign and date below, whether or not you made changes above):

1.      I am the original purchaser of the securities referenced in this Claim Form and/or I am the legal owner of the securities.

2.      I have not previously made or submitted a claim, pursuant to this settlement.

3.      To the best of my knowledge, the above information is correct and accurate.

I declare under penalty of perjury that the information provided above is true and correct.

_____          _____
        Date                                                          Name (Print)

                                            _____
                                                                    Signature

KEVIN K. ENG (SBN 209036)                          EXHIBIT C
keng@mzclaw.com
MARKUN ZUSMAN FRENIERE & COMPTON  LLP
465 California Street, 5th Floor
San Francisco, California  94104
Telephone: (415) 438-4515
Facsimile:  (415) 434-4505

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN SIEGAL, JAMES RYBICKI, DAVID GROBLEBE, individually and as General Partner of GROBCO II, and CHRISTIAN WIPF, ON BEHALF OF THEMSELVES AND ALL INDIVIDUALS SIMILARLY SITUATED,<br><br>                           Plaintiffs,<br><br>vs.<br><br>G. THOMAS GAMBLE, LOREN J. MILLER, HENRY LOWENSTEIN, PAUL W. BATEMAN, EDWARD M. GABRIEL, JAMES S. MAYER, BEHROOZ SARAFRAZ, LYNN BLYSTONE, ALFRED LOPEZ, MASTON CUNNINGHAM, JOHN DURBIN, GREG BILLINGER, K&L GATES LLP, CHARLES A. DALE III, JOSHUA LANE, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>                           Defendants. | Case No. 13 Civ. 3570-RS<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

///
///
///
///
///
///

1                          Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

LEGAL\2066248913

1       WHEREAS, a Settlement Agreement and Release ("Agreement") has been entered into by

2  and among the following parties in this action:

3         1.   Plaintiffs Steven Siegal, James Rybicki, David Groblebe, individually and as General

4             Partner of Grobco II, and Christian Wipf, all individually and on behalf of those

5             similarly situated (the "California Plaintiffs"); and

6         2.   Defendants G. Thomas Gamble, Loren J. Miller, Henry Lowenstein, Paul W.

7             Bateman, Edward M. Gabriel, James S. Mayer, F. Lynn Blystone, Maston

8             Cunningham, John Durbin, and Greg Billinger.

9       WHEREAS, there are several Bankruptcy actions pending in the District of Delaware (the

10  "Bankruptcy Cases") as follows:

11         1.   *In re Tri-Valley Corporation*, Case No. 12-12291-MFW (Bankr. D. Del. 2012);

12         2.   *In re Tri-Valley Oil & Gas Co.*, Case No. 12-12292-MFW (Bankr. D. Del. 2012);

13         3.   *In re Select Resources Corporation, Inc.*, Case No. 12-12293-MFW (Bankr. D. Del.

14             2012); and

15          4.   *In re TVC Opus I Drilling Program, L.P.*, Case No. 12-12294-MFW (Bankr. D. Del.

16             2012).

17       WHEREAS, there are several adversarial actions pending in the District of Delaware (the

18  "Adversary Proceedings") as follows:

19         1.   *Stanziale, Jr. v. Blystone, et al.*, Adv. Pro. No. 13-51212-MFW (Bankr. Del. 2013);

20         2.   *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013);

21         3.   *Stanziale, Jr. v. Gamble, et al.*, Adv. Pro. No. 13-51312-MFW (Bankr. D. Del. 2013);

22         4.   *Burtch v. Gamble, et al.*, Adv. Pro. No. 13-51316-MFW (Bankr. Del. 2013);

23         5.   *Official Committee of Equity Security Holders of TVC Opus I Drilling Program, L.P.,*

24             *et al. v. Gamble, et al.*, Adv. Pro. No. 12-50994-MFW (Bankr. D. Del. 2012); and

25         6.   *Stanziale, Jr. v. Blystone*, Adv. Pro. No. 14-50625-MFW (Bankr. D. Del. 2014).

26       WHEREAS, by virtue of, *inter alia,* the Bankruptcy Cases and the Adversary Proceedings,

27  the following additional parties (who are not parties to this action) have joined the Plaintiffs and

28  the above-listed Defendants as parties to the Agreement:

<div align="center">2             Case No. 13 Civ. 3570-RS</div>

<div align="center">[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT</div>

LEGAL\206624889\3

1.  The Estates of Tri-Valley Corporation, Tri-Valley Oil & Gas Co., and Select Resources Corp., Inc., (collectively "Tri-Valley"), by Charles A. Stanziale as Chapter 7 Trustee (the "TVC Trustee");

2.  The Estate of the TVC Opus I Drilling Program, L.P. ("Opus"), by Jeoffrey L. Burtch as Chapter 7 Trustee (the "Opus Trustee", and together with the TVC Trustee, the "Trustees");

3.  Milton J. Carlson, Dennis Lockhart, Harold Noyes (named as defendants in the Delaware proceedings).

4.  The following Directors and Officers Insurance Companies (collectively the "D&O Insurers"):

    i.   National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc. ("National Union");

    ii.  Arch Insurance Company ("Arch");
    iii. Liberty Mutual Insurance Company ("Liberty"); and

5.  George R. Miller.

WHEREAS, the Court has reviewed the Agreement, together with all exhibits thereto, the record in this case, and the arguments of counsel; and

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, typicality, and that the California Plaintiffs and Counsel for the California Plaintiffs are adequate representatives of the Settlement Class, and that the class alleged in the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification, in that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

IT IS HEREBY ORDERED AS FOLLOWS:

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

LEGAL\206624893

1.  All terms and definitions used herein have the same meanings as set forth in the Agreement.

2.  The proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3.  The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and concerning the following Class:

> All persons and entities who purchased securities issued by or on behalf of TVC Opus I Drilling Program, L.P., directly or indirectly, personally or through aggregators (the "Settlement Class"). Excluded from the Settlement Class are all defendants in the *Siegal* Action, including their parent companies and subsidiaries, and members of their nuclear families, and any member of the judiciary presiding over this action.

4.  The Court preliminarily finds that the Settlement Class is sufficiently numerous that joinder is not practicable. The Court further preliminarily finds that there are questions of law and fact common to the members of the Settlement Class which predominate over any questions affecting individual members of the Settlement Class, and a class action is found, on a preliminary basis for settlement purposes, to be superior to other available methods for the fair and efficient resolution of the claims against the Settling Defendants. These common issues are provisionally found to satisfy what is required for provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. On a preliminary basis, the Court finds that (a) the claims of Plaintiffs are typical of the claims of the members of the overall alleged Settlement Class, and (b) the claims of the Settlement Class and the Plaintiffs arise out of the same alleged facts and present the same legal theories of alleged liability against the Settling Defendants.

5.  The Court further preliminarily finds that (a) the California Plaintiffs will fairly and adequately protect the interests of the Class, and (b) the California Plaintiffs have retained counsel who have the experience and resources necessary to provide adequate representation of the Class and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6.  The Court hereby appoints [CPT/Rust Consulting] as the Settlement Administrator.

4                              Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

LEGAL\206624899\3

7.      Counsel for the Settlement Class and Settlement Class Representatives are hereby found to be, and are, therefore, appointed as adequate representatives of the Settlement Class: Edward S. Zusman, Kevin K. Eng, and Markun Zusman Freniere & Compton LLP, 465 California Street, Suite 500, San Francisco, CA 94104, and John Fabry and Mueller Law Offices, 404 West 7th Street, Austin, TX 78701, are hereby appointed as Counsel for the Settlement Class, and Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf are hereby appointed as Settlement Class Representatives.

8.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.  Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

9.      The Notice of Proposed Settlement of Class Action ("Notice") and the Claim Form, which are attached to the Agreement as Exhibits __ and __, respectively, are hereby approved as to form.

10.     A copy of the Notice, together with the Claim Form, shall be posted on a settlement website, www.XXXXXXX.com (the "Settlement Website") not later than 20 days after the date of this Order.  The Notice and the Claim Form shall be downloadable from the Settlement Website. Settlement Class Members who are unable to download the Notice and/or Claim Form may request that the Notice and/or Claim Form be mailed to them at no charge by sending an e-mail to an e-mail address to be provided on the Settlement Website ("Settlement E-mail Address").  In addition to the Notice and Claim Form, copies of the Settlement Agreement and pertinent Pleadings and Court Orders shall also be posted on the Settlement Website.

11.     The Court finds that the form of Notice, describing the pendency of the Litigation, this Settlement, and Class Counsel's anticipated fee and expense application, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

LEGAL\20662489\3

1   Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other

2   applicable law.

3       12.    Any member of the Settlement Class who does not, in connection with the

4   settlement notices, file a valid and timely request for exclusion will be bound by the Final

5   Judgment dismissing this action on the merits and with prejudice.

6       13.    A hearing (the "Final Approval Hearing") shall be held by the Court on

7   _____, 2015, at _____, to consider and determine whether the requirements

8   for certification of the Settlement Class have been met and whether the proposed settlement of the

9   Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate,

10  and in the best interests of the Settlement Class Members; whether Counsel for the Settlement

11  Class's fee and expense application should be approved; and whether the Final Judgment

12  approving the settlement and dismissing the Action on the merits and with prejudice against the

13  Settlement Class Representatives and all Settlement Class Members should be entered.

14      14.    The Final Approval Hearing may, from time to time, and without further notice to

15  the Settlement Class (except those who have filed timely and valid objections), be continued or

16  adjourned by Order of the Court.

17      15.    Any Settlement Class Member who seeks to be excluded from the Settlement Class

18  must send a request by first class mail, postmarked on or before _____, to Counsel for

19  the Settlement Class, Edward S. Zusman and Kevin K. Eng, of Markun Zusman Freniere &

20  Compton LLP, 465 California Street, Suite 500, San Francisco, CA 94104.

21      16.    Objections by any Settlement Class Member to: (A) certification of the Settlement

22  Class and the proposed settlement contained in the Agreement and described in the Notice; (B)

23  payment of fees and expenses to Counsel for the Settlement Class; and/or (C) entry of the Final

24  Judgment, shall be heard and any papers submitted in support of said objections shall be

25  considered by the Court at the Final Approval Hearing only if, on or before _____, such

26  objector files with the Court a notice of his, her or its objections, submits documentary proof that

27  he, she or it is a member of the Settlement Class, states the basis for such objections, and serves

28  copies of the foregoing and all other papers in support of such objections on counsel for the

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

LEGAL\206624893

1 Settlement Class and counsel for Settling Defendants, as identified in the Notice. In order to be

2 considered for hearing, all objections must be actually received by the counsel identified in the

3 Notice on or before _____.

4    17.    No later than_____, the California Plaintiffs shall file all

5 papers in support of the application for final approval of the settlement, the application for

6 payment of attorneys' fees and expenses, and/or any papers in response to any valid and timely

7 objections with the Court, and shall serve copies of such papers upon each other and upon any

8 objectors who have complied with the provisions of paragraph 12 of this Order.

9    18.    Counsel for the Parties are hereby authorized to utilize all reasonable procedures in

10 connection with the administration of the Settlement which are not materially inconsistent with

11 either this Order or the terms of the Agreement, including making, without further approval of the

12 Court, minor changes to the form or content of the Notice, and other exhibits that they jointly

13 agree are reasonable or necessary. Disputes not resolved by the Parties in administering the

14 proposed Settlement may be brought before the Court.

15

16

17 Dated: _____

18                                          The Honorable Richard Seeborg
                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

7    Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

1  KEVIN K. ENG (SBN 209036)                          EXHIBIT D
   keng@mzclaw.com
2  MARKUN ZUSMAN FRENIERE & COMPTON LLP
   465 California Street, 5th Floor
3  San Francisco, California 94104
   Telephone: (415) 438-4515
4  Facsimile: (415) 434-4505

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11 STEVEN SIEGAL, JAMES RYBICKI, DAVID      ) Case No. 13 Civ. 3570-RS
   GROBLEBE, individually and as General Partner )
12 of GROBCO II, and CHRISTIAN WIPF, ON     )
   BEHALF OF THEMSELVES AND ALL             ) [PROPOSED] ORDER GRANTING
13 INDIVIDUALS SIMILARLY SITUATED,          ) FINAL APPROVAL OF CLASS ACTION
                                            ) SETTLEMENT
14                           Plaintiffs,)
                                            )
15              vs.                         )
                                            )
16 G. THOMAS GAMBLE, LOREN J. MILLER,       )
   HENRY LOWENSTEIN, PAUL W. BATEMAN,       )
17 EDWARD M. GABRIEL, JAMES S. MAYER,       )
   BEHROOZ SARAFRAZ, LYNN BLYSTONE,         )
18 ALFRED LOPEZ, MASTON CUNNINGHAM,         )
   JOHN DURBIN, GREG BILLINGER, K&L         )
19 GATES LLP, CHARLES A. DALE III, JOSHUA   )
   LANE, AND DOES 1 THROUGH 100,            )
20 INCLUSIVE,                               )
                                            )
21                           Defendants.)
   ─────────────────────────────────────
22
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///
                                    1              Case No. 13 Civ. 3570-RS
         [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LEGAL\21527180\1

1    On [＿＿＿＿＿＿, 2015], the Court held a hearing on the parties' Motion for Final

2  Approval of Class Action Settlement (ECF ＿) and Plaintiffs' Motion for Attorneys' Fees and

3  Costs (ECF ＿). The parties' Settlement Agreement and Release (the "Settlement") was

4  previously submitted to the Court for review in conjunction with their Motion for Preliminary

5  Approval (ECF ＿) and is also set forth in the Declaration of ＿＿＿ In Support of Final

6  Approval (ECF ＿).

7    By Order entered on [＿＿＿＿＿＿, 2015] (the "Preliminary Approval Order")

8  (ECF ＿), the Court granted preliminary approval of the proposed Settlement and further

9  approved the form and manner of notice proposed by the parties (the "Notice"). The Court also

10  appointed [CPT Group, Inc.] as the Settlement Administrator, to effectuate notice to the members

11  of the Settlement Class and to process responses and claim forms from Settlement Class members.

12  In accordance with the Preliminary Approval Order, the Settlement Class members have been

13  given notice of the terms of the Settlement and the opportunity to comment on, object to, or

14  exclude themselves from its provisions.

15    Having reviewed and considered the Settlement Agreement, the supporting papers filed by

16  the parties, including the responses of the Settlement Class Members to the Notice, and the

17  evidence and argument received by the Court at both the preliminary approval hearing on

18  [＿＿＿＿＿＿, 2015, and at the final approval hearing on ＿＿＿＿＿＿

19  2015], the Court, by means of this Order (the "Final Approval Order"), grants final approval of the

20  Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

21    1.    Except as specified herein, all defined terms set forth in the Settlement, which is

22  hereby incorporated by reference, are adopted by the Court for purposes of this Final Approval

23  Order.

24    2.    This Court has jurisdiction over the subject matter of this litigation and all related

25  matters and all claims raised in this action and released in the Settlement. This Court also has

26  personal jurisdiction over the parties to the Settlement (the "Settling Parties"), including Plaintiffs,

27  the Settlement Class Members, and those Defendants who are participating in the Settlement (the

28  "Settling Defendants").

2                          Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

3.    The Settlement Administrator has provided notices of the Settlement to the Class Members in accordance with the provisions of the Settlement and the terms of the Preliminary Approval Order. The Settlement Administrator sent to each Settlement Class Member a Notice of Settlement and a Claim Form via first-class mail on [_____, 2015]. [_____ Notices were mailed on that date. Of those _____ Notices, ____ were returned as undeliverable. The Administrator sent supplemental Notices to those Settlement Class Members whose initial mailings were returned as undeliverable. No further mailings were returned./From this subsequent mailing, ____ Notices were returned as undeliverable. The Settlement Administrator performed standard skip traces to locate these individuals, and mailed settlement materials to these Class Members. Ultimately no notices remained undelivered./There were ____ Notices that remained undelivered.]

4.    The Notice of Settlement informed Settlement Class Members of the terms of the Settlement and of their rights to participate in the Settlement, to comment on, or object to the Settlement, and to appear in person or by counsel at the final approval hearing. The Notice papers further informed Settlement Class Members of, among other things: (1) their right to exclude themselves from the Settlement and to pursue their own remedies; (2) of the fact that Settlement Class Members who did not submit timely exclusion forms would be bound by the terms of the Settlement. The Court previously found, in the Preliminary Approval Order, that the notice period and notice procedures provided sufficient time for Class Members to exercise their rights. The Court now affirms that prior finding.

5.    Pursuant to the Preliminary Approval Order, the Settlement Administrator mailed a total of _____ Notice packets. The Settlement Administrator also established a website through which Class Members could obtain information concerning the Settlement and download documents related to the case and the Settlement. In addition, the Settlement Administrator maintained a call center that Class Members could reach by calling a toll-free telephone number. [No Settlement Class Member has objected. OR: Of that amount, only ____ timely filed and served objections./___ Settlement Class Members submitted written objections. In addition, ____ Class Members gave notice of intent to appear at the Final Approval Hearing. ____ Settlement Class

3                       Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

1    Members appeared at the final approval hearing. [ADDRESS ANY SPECIFIC OBJECTIONS AS

2    APPROPRIATE]/The Court has duly considered all objections to the Settlement and hereby

3    overrules them.]

4        6.        [In addition, the Settlement Administrator reports that it received ___ claim forms.

5    ___ were deemed timely; ___ were deemed late. Each claim form listed the Settlement Class

6    Member's information, including amount of their investment, according to business records

7    obtained from Opus business records. The claim forms also allow for Class Members to dispute

8    the amount of their investment, should they believe that the listed amount is inaccurate. ___ Class

9    Members disputed the amount listed on their claim forms. Of those Class Members who disputed

10   the amount of their investment, the claims of ___ Class Members were adjusted; ___ were not

11   adjusted. The Settlement Administrator reports that all disputes concerning amount invested have

12   been resolved.]

13       7.        The Settlement Administrator also reported that it mailed, on behalf of the Settling

14   Defendants, notices required under CAFA, 28 U.S.C. § 1715(b). Notice of the Settlement was

15   mailed to federal and state officials in the 26 states where Class Members reside, along with a disk

16   containing the materials required under 28 U.S.C. § 1715. Each state official received a list of

17   potential Settlement Class Members who may reside in their respective state, along with the

18   Settlement Class Member's estimated proportionate share of the Settlement. The required notice

19   has been given pursuant to CAFA.

20       8.        This Court finds that the notice procedure described above afforded adequate

21   protections to the Class Members and provides a basis for the Court to make an informed decision

22   regarding approval of the Settlement based on the positive response of the Settlement Class

23   Members. The Court finds that the notice provided in this case was the best notice practicable

24   under Federal Rule of Civil Procedure 23 and satisfied the requirements of law and due process.

25       9.        Pursuant to the Settlement and the Preliminary Approval Order, the Settlement

26   Class is defined as:

27       all persons and entities who purchased securities issued by or on behalf of TVC
         Opus I Drilling Program, L.P., directly or indirectly, personally or through
28       aggregators (the "Settlement Class"). Excluded from the Settlement Class are all

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LEGAL\21527180\1

defendants in the *Siegal* Action, their parent companies and subsidiaries, and members of their nuclear families.

(Settlement, ¶11.a.)

10.     In its Preliminary Approval Order, the Court provisionally certified the above-defined Settlement Class for settlement purposes only.  The Court has reviewed the submissions of the parties and finds that the above-defined Class continues to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The provisionally certified Settlement Class is approved for purposes of the settlement of this action pursuant to Federal Rule of Civil Procedure 23.

11.     In its Preliminary Approval Order, the Court found the named Plaintiffs, Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf (collectively, the "Named California Plaintiffs") to be adequate representatives of the Settlement Class.  The Court confirms as final the appointment of the Named California Plaintiffs as the Representatives of the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure.

12.     In its Preliminary Approval Order, the Court found the Named California Plaintiffs' retained counsel to be adequate counsel for the provisionally certified Class.  The Court confirms as final the appointment of Markun Zusman Freniere & Compton, LLP, and Mueller Law Offices as Class Counsel.

13.     The Court hereby approves the proposed settlement and finds that Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class. In making this determination, the Court has given due consideration to the factors which are to be considered in determining whether final approval of a class action settlement should be granted, as set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Those factors include but are not limited to the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the proceedings; the consideration offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement.  *Id.*  These factors, as applied to the instant case, support the Court's decision to grant final approval of the Settlement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LEGAL\21527180\1

1  Among other considerations, in this case, as typical in all litigation, there is the risk that Plaintiffs

2  would be unsuccessful in their claims against Defendants and, in particular, in establishing that the

3  Defendants were each liable under the claims asserted.  Further, the complexity of the case,

4  including the large number of parties, makes it likely that this case, were it to proceed through

5  litigation and trial, would be quite lengthy.  The expense of litigating a lengthy, complex action

6  would be significant.  Further, because the proposed settlement is being submitted at an early stage

7  of the litigation, the Plaintiffs would face the challenges of seeking class certification.  If Plaintiffs

8  were able to obtain class certification, there would also remain the risk of decertification.

9         14.    The Settlement is beneficial to the class and provides fair and adequate

10  consideration, particularly in light of the risks associated with the continued prosecution of the

11  case. The case was settled following significant investigation of Plaintiffs' claims and the settling

12  Defendants' defenses. The Settlement was the result of extensive arms-length negotiations and

13  was achieved with the aid of an experienced mediator.  Plaintiffs' attorneys are experienced

14  securities and class action litigators, strongly support the Settlement, and have expressed the view

15  that the Settlement is fair, reasonable and adequate.  [The Court also notes that no objections/only

16         objections to the Settlement were filed.]

17         15.    The releases and covenants not to sue by the Class Representatives and Class

18  Members, as set forth in paragraph 5.a. of the Settlement, are approved by the Court and are

19  hereby incorporated by reference and made a part of this Final Approval Order as though fully set

20  forth herein.  As more specifically set forth in the Settlement Agreement, by operation of this

21  Final Approval Order, all Settlement Class Members, jointly and severally, [with the sole

22  exception of Class Members who have submitted timely exclusion forms], fully release and

23  forever discharge settling Defendants from any and all claims, demands or liability of the types

24  which were asserted or which could have been asserted in this lawsuit. Further, by operation of

25  this Final Approval Order, all Class Members, [with the sole exception of those who have

26  submitted timely exclusion forms], are deemed to have agreed not to sue or bring any judicial or

27  administrative action against settling Defendants with respect to the claims that the Class

28  Members have released, and it is specifically ordered that those Class Members are enjoined and

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LEGAL\21527180\1

1  barred from bringing, asserting or pursuing any such claims. [A list of all Class Members who

2  have submitted timely exclusion forms is attached hereto as Exhibit A.]

3      16.    The Court hereby enters a Bar Order, which shall take effect upon payment of the

4  Settlement Fund pursuant to paragraph 3 of the Settlement Agreement. Pursuant to the Bar Order,

5  the Court permanently bars and enjoins (A) all members of the Settlement Class and their heirs,

6  executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns

7  – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them

8  – from filing, commencing, prosecuting, intervening in, participating in (as class members or

9  otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or

10  administrative, regulatory, or other proceeding, or order (as well as a motion or complaint in

11  intervention in the *Siegal* Action if the person or entity filing such motion or complaint in

12  intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the

13  above persons or entities), in any jurisdiction or forum, that is based upon, arises out of, or relates

14  to any Released Claim, or that is based upon, arises out of, or relates to the *Siegal* Action or the

15  transactions and occurrences referred to in the *Siegal* complaint, and (B) all persons and entities

16  from filing, commencing or prosecuting any other lawsuit as a class action or other proceeding

17  (including by seeking to amend a pending complaint to include class allegations or by seeking

18  class certification in a pending action) on behalf of any member of the Settlement Class, if such

19  other lawsuit is based upon, arises out of, or relates to any Released Claim, or is based upon, arises

20  out of, or relates to the *Siegal* Action or the transactions and occurrences referred to in the *Siegal*

21  complaint. This paragraph expressly excludes claims against (1) Behrooz Sarafraz, (2) persons

22  other than Defendants who received commissions or other payments in connection with the sale of

23  Tri-Valley stock or interests in Opus, and (3) K&L Gates and its affiliates.

24      17.    In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and Cal. Code of Civil Procedure §

25  887 et seq., any and all claims for contribution arising out of any Released Claim (A) by any

26  person or entity against any of the released persons or entities ("Releasees") and (B) by any of the

27  Releasees against any person or entity (other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii)) are

28  hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly,

<center>7</center>                                           Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

1  without limitation to any of the above, (1) any person or entity is hereby permanently enjoined

2  from commencing, prosecuting, or asserting against any of the Releasees any such claim for

3  contribution, and (2) the Releasees are hereby permanently enjoined from commencing,

4  prosecuting, or asserting against any person or entity any such claim for contribution.

5      18.    The Bar Order shall not release, interfere with, limit, or bar the assertion by any

6  Releasee of any claim for insurance coverage under any insurance, reinsurance or indemnity

7  policy that provides coverage respecting the conduct at issue in the *Siegal* Action.

8      19.    The Court grants final approval to the Settlement Agreement and orders the parties

9  to implement and comply with its terms.

10     20.    Without affecting the finality of the Court's judgment in any way, the Court retains

11  jurisdiction over this matter for the limited purpose of ensuring and enforcing compliance with the

12  terms of the Settlement Agreement. Nothing in this Final Approval Order will preclude any action

13  to enforce the parties' obligations under the Settlement Agreement or this Order.

14     21.    This action is hereby dismissed with prejudice, with each side to bear its own costs

15  and attorneys' fees, except as provided by the Settlement Agreement and this Final Approval

16  Order.

17      IT IS SO ORDERED.

18

19  Dated: _____          _____

20                                           The Honorable Richard Seeborg
                                             United States District Judge

21

22

23

24

25

26

27

28

8                Case No. 13 Civ. 3570-RS

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

1  KEVIN K. ENG (SBN 209036)                          EXHIBIT E
   keng@mzclaw.com
2  MARKUN ZUSMAN FRENIERE & COMPTON LLP
   465 California Street, 5th Floor
3  San Francisco, California 94104
   Telephone: (415) 438-4515
4  Facsimile:  (415) 434-4505

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  STEVEN SIEGAL, JAMES RYBICKI, DAVID        ) Case No. 13 Civ. 3570-RS
    GROBLEBE, individually and as General Partner )
12  of GROBCO II, and CHRISTIAN WIPF, ON       )
    BEHALF OF THEMSELVES AND ALL              ) [PROPOSED] JUDGMENT
13  INDIVIDUALS SIMILARLY SITUATED,            )
                                               )
14                                Plaintiffs,)
                                               )
15                  vs.                        )
                                               )
16  G. THOMAS GAMBLE, LOREN J. MILLER,         )
    HENRY LOWENSTEIN, PAUL W. BATEMAN,         )
17  EDWARD M. GABRIEL, JAMES S. MAYER,         )
    BEHROOZ SARAFRAZ, LYNN BLYSTONE,           )
18  ALFRED LOPEZ, MASTON CUNNINGHAM,           )
    JOHN DURBIN, GREG BILLINGER, K&L           )
19  GATES LLP, CHARLES A. DALE III, JOSHUA     )
    LANE, AND DOES 1 THROUGH 100,              )
20  INCLUSIVE,                                 )
                                               )
21                               Defendants.)
   _____

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                1              Case No. 13 Civ. 3570-RS
                          [PROPOSED] JUDGMENT

1        On _____, 2015, the Court granted the Motion For Final Approval of Class Action

2    Settlement submitted by Plaintiffs Steven Siegal, James Rybicki, David Groblebe, individually

3    and as General Partner of Grobco II, and Christian Wipf ("Plaintiffs"), and found the Settlement

4    Agreement and Release ("Agreement") entered into by and among Defendants Paul Bateman,

5    Greg Billinger, Maston Cunningham, John Durbin, Edward Gabriel, Henry Lowenstein, James

6    Mayer, and Loren Miller (the "TVC Outside Directors and Officers"); F. Lynn Blystone; G.

7    Thomas Gamble and George T. Gamble 1991 Trust (collectively "Gamble") (all of whom are

8    collectively referred to as the "Settling Defendants"); and Plaintiffs to be fair, reasonable and

9    adequate to the Settlement Class. The Court issued an Order thereon (the "Final Approval

10   Order"). On that same date, the Court granted Plaintiffs' Motion For an Order Awarding

11   Attorneys' Fees and Costs. The Court issued an Order thereon (the "Attorneys' Fee Order").

12       Now, therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

13       1.    Except as set forth above and in the Agreement, the Final Approval Order, and the

14   Attorneys' Fee Order, Plaintiffs and the class shall take nothing by their Complaint in this action

15   as to the Settling Defendants;

16       2.    This judgment applies only to the Settling Defendants; Plaintiffs may continue

17   litigating their claims against any parties not included among the Settling Defendants; and

18       3.    Pursuant to the Agreement and the Final Approval Order, this Court shall retain

19   jurisdiction over all matters relating to the interpretation, administration, implementation,

20   effectuation and enforcement of the Final Approval Order and the Settlement.

21

22

23

24   Dated: _____        _____

25                                 The Honorable Richard Seeborg
                                    United States District Judge
26

27

28

[PROPOSED] JUDGMENT

LEGAL\21510102\1